[No. 3696.]

PHILLIPS ET AL. v. CORBIN.

COSTS.

Costs in an action are recoverable only by virtue of the statute allowing them, and there being no provision in the statutes allowing costs in a proceeding to annex contiguous towns and cities, costs cannot be allowed in such proceeding in the lower court; but a writ of error is a new and independent action, wherein the right to costs is expressly provided by statute (sec. 691, Mills' Ann. Stats.) and by rules of the supreme court (Rules 28 and 30). Under said statute and rules the successful party may recover costs incurred in the supreme court upon writ of error in annexation proceedings.

*Motion to quash execution and retax costs.*

Mr. F. A. WILLIAMS and Mr. GEO. Q. RICHMOND, for plaintiffs in error.

Mr. GEO. N. HURD, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The above entitled cause was originally brought here on error from the court of appeals, and resulted in a reversal of the judgment of that court. In that proceeding the following costs were taxed against the defendant in error, to wit:

Transcript of record, 471 fs. @ ten cents,    .    $47.10
Certificate of clerk and seal thereof,    .    .      .20
Printing abstract of record court below,
100 pp. @ 75 cents,    .    .    .    .    .    75.00
Docket fee of plaintiff in error,    .    .    .    20.00

An execution having been issued therefor and levied upon certain real estate belonging to defendants in error, they interpose this motion to quash the writ and retax the costs. Counsel for defendants in error predicate the right to the relief asked upon the ground that the original proceeding in the court below, being a special proceeding under the "annexation statute," which contains no provision for the allowance of costs, and not coming within any class of actions wherein costs are allowed by virtue of the general statute (secs. 677 and 678, Mills' Ann. Stats.) that no costs are recoverable by either party. Costs being the creature of statute, and recoverable only by virtue of the provisions of the statute allowing them, and there being no provision in our general statute upon the subject of costs, or in the "annexation statute" allowing costs in an annexation proceeding, it will be conceded that the contention of counsel for defendant in error must prevail, so far as the allowance for costs incurred in the court below is concerned. But it by no means follows that the costs that accrued upon the proceeding in error in this court are not recoverable, since the writ of error is a new and independent action, wherein the right to costs is expressly provided by statute and rule of court. Section 691, Mills' Ann. Stats. enacts that "if any person shall sue out a writ of error or take an appeal to the supreme court to review a judgment of the district court, and the

same be affirmed, or the writ be discontinued or quashed, or the plaintiff in error or appellant be nonsuited, the defendant or appellee shall recover his costs."

By art. 6, sec. 9 of the Constitution, the duties and emoluments of the clerk of this court are such as are prescribed by law and the rules of court. Section 394 of the civil code provides that "the supreme court may make all rules in regard to the manner of preparing abstracts so as to have the same uniform; and also concerning all other matters of practice or procedure before it, when the same are not inconsistent with the provisions of this act."

By Rule 14 of this court, appellants and plaintiffs in error in all cases are required to prepare and file with the clerk eight copies of the printed abstract of record within twenty days after the return day. Rule 28 provides:

"Upon printed abstracts being furnished, as required in the foregoing rules, it shall be the duty of the clerk, unless otherwise ordered, to tax a printer's fee at the rate of seventy-five cents per page of one copy of such abstract against the unsuccessful party."

Rule 30 provides:

"Upon the filing of any suit or proceeding, there shall be paid to the clerk by the party filing the same the sum of twenty dollars ($20.00) which shall be for and in full payment of all clerical costs of such party in the cause, except for copies of papers. And upon the entry of appearance, the opposite party shall pay to the clerk the sum of five dollars ($5.00) which shall be for and in full payment of the like costs of said party in the cause. Upon determination of the cause by this court, the successful party shall have judgment and execution against the unsuccessful party for the amount of said payment, together with any other costs or damages awarded by the court pursuant to law or the rules of court."

It will be seen from the section of the statute above quoted that costs are allowed to a defendant in error in case of the affirmance of the judgment or the discontinuance of the writ of error. But we find no statute giving costs to a plaintiff

in error in case of a reversal, and his right to recover costs in such case, therefore, depends upon the validity of Rules 28 and 30 above referred to.   The adoption of Rule 30 by this court is clearly authorized by art. 6, sec. 9 of the Constitution. While, as stated in our former opinion, its right to provide, as in Rule 28, for costs for printing the abstracts of record, may not be entirely free from doubt, we are not prepared to say that the court exceeded its authority in adopting this rule; but in any event, we are satisfied that its validity cannot now be successfully assailed.   It was adopted in 1872 as one of the standing rules of the court, was readopted by the state supreme court in 1877, and has remained in force ever since.   Section 349 of the Code of Civil Procedure adopted in 1877 provided:

"The court may prescribe rules for the printing of such part of the record as it may deem necessary to be furnished by the parties under such rules and regulations as the court may prescribe, and the costs of the same shall be paid by the parties as the court may adjudge."

This provision remained in force until the adoption of the amendment in 1879.   In 1885 the legislature enacted what is now section 394 of the present code; wherein, as it will be seen, *inter alia*, the court is empowered to make all rules in regard to the manner of preparing abstracts.   We think this legislation, when read in the light of the fact that Rules 14 and 28 covering this matter were, and had been for many years, in existence, may be taken as a recognition of their validity. By Rule 14, which, as we have seen, the court was clearly authorized to make, the printing of the abstract is made imperative, and the appellant or plaintiff in error, in order to obtain a review of his case, is compelled to incur the expense of such printing.   In *Dennis v. Eddy*, 12 Blatchford, 195, it is held that a disbursement made necessary by an order of the court was legally taxable as costs.

In view of the fact that the court, ever since its organization, has uniformly enforced these rules, and awarded as costs to the successful appellant or plaintiff in error his disbursements

for preparing the record used in this court, which includes transcript and the printing of abstracts, we do not feel justified in now departing from this practice. Our conclusion is that the plaintiffs in error are entitled to recover the foregoing costs from the defendant in error. The motion will therefore be denied.

*Motion denied.*