WILLIAM H. COLLINS *et al.*

*v.*

IRA M. COBE.

*Opinion filed April 24, 1903.*

1. LOAN ASSOCIATIONS—*by-laws must be authorized by law to protect against usury.* A by-law of a loan association providing the manner of making a loan in a way not authorized by the statute does not protect the association against the defense of usury.

2. SAME—*when party is estopped to dispute existence of by-law.* If a loan association by-law providing for making loans by payment of a fixed premium is subsequently authorized by statute, a stockholder who has recognized such by-law by obtaining a loan in accordance with it is estopped to deny its existence upon the ground that it was not re-adopted after the statute authorizing the making of loans in that manner was passed.

3. SAME—*when right to charge loan association interest rates is prima facie shown.* If a note describes the payee as a corporation, and no exception is taken to the finding of the master that such payee was a homestead loan association, the right to charge the usual interest rates allowed by law to such corporations is *prima facie* shown by the record.

*Collins* v. *Cobe*, 104 Ill. App. 142, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

W. J. LAVERY, (RICHARD H. TOWNE, of counsel,) for appellants.

S. W. SWABEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The International Building Loan and Investment Union, a homestead loan association, filed the original bill in this case in the superior court of Cook county to foreclose a mortgage executed by the appellants, William

H. Collins and Jane Collins, his wife, securing a loan made to them by said union. Afterward, Joseph W. Suddard and George E. Brennan, receivers of said union, filed their supplemental bill setting forth the insolvency of the union and their appointment as receivers. An amended and supplemental bill was filed subsequently by the appellee, Ira M. Cobe, alleging that he had become the purchaser, from the receivers, of all the assets of the union, including the mortgage in question and the indebtedness secured thereby. The issues made by answers and replications were referred to a master in chancery, who took the evidence and reported it with his conclusion that there was due on the mortgage $1320.18, and a recommendation that a decree of foreclosure be entered for that amount. Exceptions to the report were overruled and a decree of foreclosure was entered, which has been affirmed by the Branch Appellate Court for the First District.

There were a large number of exceptions to the master's report, but on the hearing all except those numbered 13 and 19 were expressly waived by the defendants, as appears from the decree. The thirteenth exception related to the question whether the mortgage was the property of the complainant, Ira M. Cobe, or of the Assets Realization Company, a New Jersey corporation, for which the defendants alleged that Cobe was trustee. The action of the court in overruling that exception is not assigned for error and the exception is not now insisted upon. Although counsel in the argument insist that other findings of fact by the master were incorrect, the only question before us on the record is whether the court erred in overruling the nineteenth exception. This exception was upon the ground that the International Building Loan and Investment Union, at the time of the loan to defendants, had no legal by-law providing for distribution of premiums; that there was no bid for preference in loans, as prescribed by the statute, and that the pre-

mium paid and exacted in addition to interest rendered the transaction usurious, and therefore the master should have credited all payments of interest and premium against the principal.

The association was organized in 1887, and the law under which it was incorporated provided, in case of a loan, that the money in the treasury should be offered for a loan in open meeting, and the stockholder who should bid the highest premium for the preference or priority of the loan should be entitled to receive a loan of $100 for each share of stock held by him. By-laws were adopted by the association, which provided that applications for loans should be filed and numbered consecutively as received, and be examined, approved or rejected in their regular order, and that on all loans the stockholder should pay interest at five per cent per annum and a premium of five per cent per annum, payable on or before the last Saturday of each month during the continuance of the loan. These provisions of the by-laws were unauthorized and in conflict with the statute, and any loan made in accordance with the by-laws and not in accordance with the provisions of the act would not protect the union from the defense of usury. (*Borrowers' and Investors' Building Ass.* v. *Eklund*, 190 Ill. 257; *Jamieson* v. *Jurgens*, 195 id. 86.) After the adoption of the by-laws, the statute under which the association was organized and which constituted its charter was amended in 1891 by adding to the previous provision the following: "*Provided*, that any such association may, by its by-laws dispense with the offering of its money for bids in open meeting, and in lieu thereof loan its money at a rate of interest and premium fixed by its by-laws, and either with or without premium, deciding the preference or priority of loans by the priority of the applications for loans of its stockholders." (Hurd's Stat. 1899, p. 454.) The by-laws were not changed or re-enacted after this amendment of the statute, but they remained upon the records

as by-laws of the association and were acted upon by the association and its shareholders in making loans. The application of the defendant William H. Collins for the loan in question was dated September 24, 1892, and applied for the loan upon a premium of five per cent per annum, payable on or before the last Saturday of each month, in addition to the interest. He was a shareholder, and both the note and mortgage recited that the premium was bid to secure the loan under the by-laws of the association. The note was payable to the order of the association, and described it as a corporation duly organized under the laws of the State of Illinois. It is not contended that the loan would be usurious or the by-laws invalid if they had been re-adopted after the amendment of the charter authorizing by-laws of that character, but it is contended that the amendment of the charter did not make the by-laws valid or dispense with the necessity of a bid unless a by-law was subsequently adopted under the power conferred by the amendment. The only question, therefore, is whether the by-laws had been adopted by the association after there was power to adopt them, and the evidence is that they remained upon the records of the association and were recognized and acted upon by the defendants and the association. The manner in which the loan was made was within the power conferred by the charter if the by-laws had been in fact adopted, and we are of the opinion that the defendants are estopped from disputing the existence of the by-laws by their recognition of them and obtaining the loan in pursuance of their provisions.

It is also claimed that the record does not show any authority for more than the rate of interest allowed by law, because it is not shown that the association is a homestead loan association or any other sort of a corporation. The note describes the association as a corporation, and the master in his report found as a fact that it was a homestead loan association. There was no excep-

tion taken to the report on that finding of fact, and it necessarily follows that the association is governed by laws regulating corporations of that character.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*