RICHARD A. HOLMES, Respondent, v. ROYAL LOAN ASSOCIATION, Appellant.

Kansas City Court of Appeals, January 27, 1908.

1. **BUILDING AND LOAN ASSOCIATION: Mortgage Bond: Duress: Evidence.** The evidence regarding the execution of a mortgage bond to a loan association shows fraud and the plain terms of the instrument in the absence of fraud, mistake or duress, are binding on the maker.

2. ———: **Laws of 1895: Competitive Bidding: Usury.** Under the law prior to 1895 the acceptance of a monthly premium by a building and loan association without competitive bidding was usurious, but the act of 1895 removes the necessity of such bidding.

3. ———: ———: **Reorganization: Notice: Statutory Construction.** The word "shall" used in requiring the notice for the purpose of reorganization of a building and loan association under the act of 1895 is not mandatory but must be interpreted according to the meaning of the statute, since the object of the statute could be accomplished without notice at all.

4. ———: ———: ———: ———: **Estoppel.** Though all the stockholders of a building and loan association did not attend the meeting to reorganize, yet if the association proceeded to act under the reorganization, the stockholders are presumed to have assented thereto; and a person becoming a member is estopped from denying the reorganization though the notice thereof be insufficient since the invalidity of such reorganization is a question for the state.

5. ———: ———: ———: ———: **Sufficiency.** Though the notice for reorganization of a building and loan association under the act of 1895 was given before the law went into effect, such fact did not invalidate the reorganization.

Appeal from Gentry Circuit Court.—*Hon. William C. Ellison*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. W. Peery* and *Rusk & Stringfellow* for appellant.

(1)   The notice of the meeting of June 22, 1895, was given in strict compliance with the requirements of the statutes of our State and the by-laws of defendant association.   R. S. 1889, sec. 2484.   (2)   The requirements as to the holding of this meeting contained in our statutes is merely directory.   Reisterer v. Land & Lumber Co., 160 Mo. 141; State ex rel. v. Cook, 178 Mo. 189; 1 Thomp. on Corp., sec. 227; 2 Cook on Corp., sec. 590; McClurch v. Sturges, 72 Me. 288; Baintree W. Co. v. Baintree, 146 Mass. 482, 16 N. E. 420; Newcomb v. Reed, 12 Allen (Mass.) 362; Walworth v. Brackett, 98 Mass. 98; Water Co. v. Baintree, 16 N. E. 426; State v. Pitts, 58 Mo. 556.   (3)   One borrowing on certificates is a member and is subject to the liabilities of a member.   McNamara v. Assn., 131 Cal. 336, 63 Pac. 670; Boyd v. Robinson, 104 Ga. 793, 31 S. E. 29; Wilcosen v. Smith, 107 Iowa 555, 78 N. W. 217; Tister v. Assn., 38 Md. 115; Assn. v. Conner, 14 N. J. E. 219; Hagerman v. Assn., 25 Ohio St. 186; Leahy v. Assn., 100 Wis. 555, 76 N. W. 625; Harrison v. Fleischman, 61 Atl. (N. J. Ch.) 1025.   (4)   Plaintiff is estopped by reason of his membership and his acquiescence in the by-laws to question their validity.   Collins v. Code, 104 Ill. App. 142, 66 N. E. 1079, 202 Ill. 469; Bldg. Assn. v. Leyden, 5 Ohio Dec. (reprint) 344; 7 Ohio Dec. (reprint) 115; Bldg. & Loan Assn. v. Wahoo Tribe, No. 119, 9 Kulp. (Pa.) 487; Loan Assn. v. McIntire, 3 Allen (Mass.) 571; Concordia, etc., Assn. v. Read, 93 N. Y. 474; Parker v. U. S., etc., Assn., 19 W. Va. 744; Bldg. Assn. v. Steele, 11 W. N. (Pa.) 204; Morrison v. Dorsey, 48 Md. 461; Bertche v. Equitable Loan, etc., Assn., 147 Mo. 360;

Bldg. & L. Assn. v. Lyttle (Colo.), 66 Pac. 247; B. & L. Assn., v. Junquest, 111 Fed. 645; Stilwell v. B. & L. Assn. 57 Pac. 14; 1 Thompson on Corporations, sec. 218, 495, 7 Id., sec. 8213. (4) Defendant's cross-bill should have been sustained. Bertche v. Loan & Inv. Co., 147 Mo. 343 and cases cited; Gary v. Verity, 101 Mo. App. 589, and cases cited.

*J. W. Sullinger* for respondent.

(1) Where it is simply understood and agreed, between the borrowing stockholder and the association, that the former is to have the loan applied for at a certain premium—not as the result of any competitive sale but mere consent—the letter and spirit of the statute is violated and the transaction is usurious, and the minutes of the board of the association to the contrary is of little value and on accounting, such premium will be credited as interest on the debt. Clark v. Bldg. Assn., 85 Mo. App. 388; Miller v. Bldg. Assn., 83 Mo. App. 669; Post v. B. & L. Assn. (Tenn.), 37 S. W. 216; R. S. 1899, secs. 3709-3710; Kreivohm v. Yancey, 154 Mo. 67; King v. Vette, 167 Mo. 389. (2) Requirements of the law of 1895 as to the holding of the meeting to reorganize is mandatory. 25 Am. & Eng. Ency. of Law (2 Ed.), p. 633; Rex v. Barlow, 2 Salk. 609; Ex parte Gordon, 94 U. S. 251; Waterworks Co. v. Kansas City, 62 Fed. 862; Ruggles v. Colliers, 43 Mo. 353; St. Louis v. Russell, 9 Mo. 507; Keating v. Kansas City, 84 Mo. 419; 26 Am. and Eng. Ency. Law (2 Ed.), p. 986; Marlborough Mfg. Co. v. Smith, 2 Conn. 579; Pierce v. Bldg. Co., 9 La. 397; State University v. Williams, 9 Gill and J. (Md.) 365, 31 Am. Dec. 72; Clark v. Omaha, etc., Co., 5 Neb. 314; Duke v. Markham, 105 N. C. 131, 18 Am. 839; Langdof v. Seiberlitch, 2 Pars. Eq. Cas. (Pa.) 64; 8 Am. & Eng. Ency. of Law, 735 and notes, 747, 748; State v. Pitts, 51 Mo. 133; McKinney v. Loan Assn., 18 Atl. 905; Peterson v. Bldg. & Loan Assn., N. W. 606; R. B. & L. Assn. v. Forter, 75 Pac. 484.

BROADDUS, P. J—This is a suit by plaintiff for an accounting and to have a certain deed of trust executed by him canceled. . The defendant is a building and loan association under the laws of Missouri, located at the city of St. Joseph. On the 21st day of September, 1896, the plaintiff made sworn written application to the defendant association for a loan of $600 on the real property described in the said deed of trust. On the 21st day of December next following plaintiff with his wife Mattie executed, what was denominated a mortgage bond, wherein they acknowledged themselves indebted to the defendant in the sum of $600 borrowed money "on six shares of the fifty-seventh series of the capital stock of said society now (then) owned by Richard Holmes." In said bond plaintiff bound himself to pay to the defendant the sum of $3.60 each month as monthly dues upon said stock, and also the sum of $3 each month as monthly interest at the rate of six per cent per annum upon said $600, and $3 as monthly premium upon said shares of stock. By the terms of the mortgage bond the six shares of stock were pledged for the payment of the sum borrowed.

On the 22nd day of December plaintiff and his wife executed the deed of trust mentioned to secure the payment of said principal sum of $600 loaned on said six shares of capital stock, and the payment monthly of $3.60 as dues, on said stock, $3 as interest on the money loaned, and $3 as premium.

The plaintiff alleges that he was compelled to execute said mortgage bond and said deed of trust to defendant; that he has been compelled to pay on said bond the sum of $3.60 as dues, $3 as interest, $3 as premium monthly as provided therein; and that he has made ninety monthly payments, which aggregate the sum of $864.00, a sum more than sufficient to discharge said sum of $600.00 borrowed and the accumulation of the legal rate of interest thereon. The record does not fur-

nish any evidence that plaintiff was under duress when he executed the said bond and deed of trust and there is no evidence of fraud therefore their validity stands admitted unless they are invalid for some other reason.

The plaintiff introduced evidence tending to prove, that it was represented to him by defendant's local agent and its secretary, that the monthly payments made by him was only six per cent per annum on the principal sum, and the loan would be discharged in ninety months. He testified that he had no knowledge that any stock had been issued to him by the association at any time until this controversy arose. It appears among other things that the six shares of stock were issued to plaintiff but retained by defendant as required by statute, and that the secretary handed him the old by-laws of the association on which was written across the face in red ink "amended June 22, 1895." The plaintiff says that he was unable to compute the interest and the payment himself but he does not state or make any further explanation in that respect. He does not claim that the defendant's agents practised any fraud to deceive him but merely makes a statement of the transaction as he understood it.

Under this state of facts the plaintiff claims that the transaction was an ordinary loan. To support which much reliance is placed upon the case of the defendant Association v. Forter, by the Supreme Court of Kansas, 76 Pac. 484; where the court in passing upon a similar loan in which the circumstances were much like the ones in this case, held that, the loan was an ordinary one without reference to the question whether the association was acting under the amended act of June 21, 1895, or the previous statute regulating building and loan associations. The court in commenting on the facts treats the provisions in the mortgage bond and the deed of trust as of no significance and leaves them out of consideration in deciding the case. But

it will be observed that the court gave its ruling principally on the ground that the by-laws of the association were quite unlike the provisions of the Kansas Law with respect to building and loan associations and hold that under the latter the transaction would be nothing more than a loan and the usury laws would apply. The bond and mortgage had been executed in that State. To this part of the opinion we have nothing to say against its soundness but we do not feel inclined to concur in the holding, that the transaction under the facts was a mere loan independent of the question, whether the association was acting under the amendatory law or the law as it previously existed in this State.

In passing upon the question we cannot ignore the recitations in the bond and the deed of trust to the effect that plaintiff was a shareholder in the association and that the bond itself pledged plaintiff's shares of stock for the payment of the loan. These instruments were executed in the most formal manner and the recitations therein were clear and unequivocal and to hold that they were no part of the contract without any evidence of fraud, mistake, or duress would be against every principle of construction and if such construction is to be followed it would effectively do away with the necessity of reducing contracts to writing and the Statute of Frauds and Perjury would be a dead letter.

The question in the case is: Was the defendant association at the time it made the loan doing business under the amendatory act of June 21, 1895, or under the act that previously existed? If under the latter for want of competitive bidding as the statute there required the loan was an ordinary one and the monthly payments in excess of six per cent per annum were usurious and the plaintiff is entitled to relief as the payments he has made has discharged the debt with the legal rate of interest. [Clark v. Mo. Guar. Sav. and

Bldg. Assn., 85 Mo. App. 388; Miller v. Same, 83 Mo. App. 669.]

The amendatory act of 1895 does not require competitive bidding and the premium and interest included in the bond are not usurious.    At the time of the passage of the amendment the defendant was doing business under the law as it then existed.    The amendment provides that any existing association heretofore organized by the laws of the State shall have the power to provide for future business under the provisions of the amendatory law by calling a meeting of its stockholders for that purpose.    The notice of such meeting is to be given in the manner provided by its by-laws for special or annual meetings of stockholders for that purpose.    It provides that the stockholders when assembled shall be empowered by a majority of those present to reorganize for the purpose of conducting its future business under the law as amended.    The defendant for the purpose of availing itself of the benefits of the amended law in the manner provided by its existing by-laws gave notice for a meeting of its stockholders to be held on the 22nd day of June, 1895.    In pursuance of said notice certain of its stockholders appeared at the appointed time and by a majority of votes thereof decided to transact its future business under the law as so amended and passed the necessary resolutions and by-laws for that purpose.

It is the contention of the plaintiff as the notice of the meeting of the stockholders on June 22, 1895, was premature, the act not then being in force the reorganization proceedings were void.    If the notice was premature the question arises whether for want of such notice the proceedings were invalid.    The defendant contends that they were not.    The solution of this question depends upon the proper construction of the language of the statute that the "notice of such meeting. *shall* be given."    If it was mandatory it is contended

that the proceedings were invalid; if merely directory they should be upheld. The word "shall" as generally used is conceded to be mandatory. It is unnecessary to encumber this opinion as to that question by referring to law writers and the decisions of the courts. While such is the rule our Supreme Court holds that there is another rule namely: "The intention of the act will prevail over the literal sense of its terms," otherwise it would lead to absurd conclusions. [State ex rel. v. Talty, 166 Mo. l. c. 529, 559.] In that case the proceedings were *quo warranto.* The laws authorizing the proceedings provided that they shall not be dismissed or discontinued without the consent of the person named therein as relator. The court held that to give the word *shall,* a mandatory meaning would be violating the intention of the Legislature and lead to absurd consequences.

In construing the word "shall" it is necessary to consider the purpose of the notice. Its object was to have a meeting of the stockholders to determine whether they would reorganize and do business in the future under the law as amended. If all the shareholders of the association had assembled, without any notice whatever and acted to reorganize under the law as amended, could it be said with reason that the purpose of the notice had not been fully accomplished? The essential object of the law was that the reorganization should not take place without the assent and concurrence of the stockholders. When that was obtained the purpose of the law was fulfilled. To hold otherwise would be sticking to the letter of the language without regard to its evident meaning and intent. While in the construction of laws we are to be guided in most instances by certain general rules, it is not safe to wholly rely upon them in order to arrive at a correct result. The cardinal rule as announced in State v. Talty, supra, is that the intent of the Legislature is to be derived from the

law itself.    We are therefore of the opinion that the word "shall" as used in the statute, when construed in connection with the evident intent of the Legislature does not have a mandatory meaning.

It is true all the stockholders of the association were not present at the reorganization meeting, yet it appears that prior and up to the time this loan was made, a period of more than one year, the association was acting under the amendatory act.    And it is presumed nothing to the contrary being shown, the stockholders assented to the change. [2 Cook on Corporations, sec. 590.]    The defendant became a member of the association when he applied for the loan.    He is therefore estopped from denying the validity of the law providing for its reorganization. [Collins v. Cobb (Ill.), 66 N. E. 1079; Newcombe v. Reed, 94 Mass.    362.] Where the powers conferred by a charter "have been assumed by the person by whom it was intended, they should be enjoyed." [1 Thompson's Com. on Law of Cor., sec. 227; Walworth v. Brackett, 98 Mass. 98.]    On one proposition we are assured, viz.: that a member who has incurred an obligation to his corporation, cannot plead as a defense to its enforcement, the invalidity of its organization.    That is a right reserved to the State.

In addition to what has been said we are of the opinion that the notice was in compliance with the requirements of the statute.    It was given as the statute directed it should be under certain by-laws then in force. The fact that it was given before the act went into effect would not invalidate it.

It follows that the action' of the court in adjudging that the note in question had been paid and that the deed of trust be satisfied and the property described therein be discharged of the lien, was erroneous, and the same is reversed and held for naught, and that the cause be reversed with directions to the court to ascertain the

amount still due defendant on said notes and to decree a foreclosure of the deed of trust to satisfy the same. *Johnson, J.,* not sitting; *Ellison, J.,* concurs.