[No. 8439.]

MILNER BANK AND TRUST COMPANY V. WHIPPLE'S ESTATE.

EXECUTORS AND ADMINISTRATORS—*Costs on Appeal.* On appeal to the District Court from a judgment of the County Court upon a claim against a decedent's estate not presented until after the adjustment day, costs are to be taxed against the claimant (Rev. Stat. sec. 7209.) (443.)

Costs in the Supreme Court are controlled by the rules of the court. (446.)

*Error to Routt District Court.* Hon. JOHN T. SHUMATE, Judge.

*On motion of defendant in error to retax costs.*

Mr. JOHN H. GABRIEL and Mr. J. K. BOZARD, for plaintiff in error.

Mr. ARTHUR L. WESSELS and Mr. CHARLES H. HAINES, for defendant in error.

*Per Curiam:*

The judgment of the District Court in this cause was reversed and the cause remanded by this court with directions to enter judgment upon the notes in question, with interest against the Estate of Lucy Y. A. Whipple, deceased. See *Milner Bank and Trust Company, v. Estate of Lucy Y. A. Whipple, deceased, ante* 252. That judgment had the effect to put the estate to all costs both in this and the District Court.

The matter now comes on for hearing on motion by defendant in error to retax the costs of this court, and also for an order directing the District Court to tax the costs there against the claimant

Upon claims against an estate, as to costs, section 7209, Revised Stautes 1908, provides as follows:

"All persons having claims against the estate may present the same on the day named (adjustment day) in such

notice, and the court may proceed to hear and determine the the same, or if objection be made thereto by the executor, administrator, conservator or any person interested in the estate, or if cause be shown by the party presenting such claim, or by the administrator, executor or conservator, may continue the hearing thereof; if no objection be made to such claim by the administrator, executor, conservator, widow, guardian, heirs or others interested in said estate, the claimant shall be required to swear that such claim is just and unpaid after allowing all just credits; and if objections be made to said claim, the claim shall be adjudicated, as is required in other cases; *Provided,* That estates shall be answerable for the costs on the claims filed on or before such adjustment day, but not after."

This claim was not filed in the probate court until after adjustment day. The County Court allowed the claim against the estate, but under the foregoing statute as to costs added this:

"And it is further ordered, adjudged and decreed by the court that the costs in this proceeding be, and they are hereby, taxed to the claimant, The Milner Bank and Trust Company, for the reason that said claims were presented after the day set for the adjustment of claims in such estate."

Upon full consideration, we are of opinion that the County Court properly held against the taxation of any costs there against the estate. A like rule as to costs is applicable in the District Court. The plain meaning of the statute is that no estate shall be mulcted in costs, in trial courts, upon any claim not presented before the day set for adjustment thereof. This is a penalty imposed for failure to promptly assert claims. The statute is direct, clear and positive and needs no construction.

As to the costs taxed in this court, the case is governed by *Phillips et al. v. Corbin,* 25 Colo. 567, 56 Pac. 180, where

it was held that costs here are taxable under the rules of this court independent of statute.

The motion to retax the costs of this court is therefore denied, but the District Court is directed, in entering judgment, to assess the costs there against the claimant, thereby relieving the estate from the payment of costs incurred in that tribunal.

Department 3.