## Kentucky Livery Company v. Meyers.

(Decided December 15, 1922.)

### Appeal from Campbell Circuit Court.

1. Damages—Wrecking of Automobile.—Where one sued to recover damages for the wrecking of his automobile, it was incumbent upon him to show by competent evidence the market value of the machine if it was destroyed, or the difference between its value immediately before the wreck and immediately thereafter, and if he fails to do so and recovers a judgment it will be reversed.

2. Highways—Motor Vehicles—Right of Way—Instructions.—Where the accident happens at the intersection of highways the court should instruct the jury on the law governing the right of way in substance that a vehicle shall yield the right of way at the intersection of their paths to a vehicle approaching from the right unless such vehicle approaching from the right is further from the point of intersection of their paths than such first named vehicle.

JOHN E. SHEPHERD for appellant.

BARBOUR & BASSMAN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The automobile owned and driven by appellee, Edward Meyers, on Isabella street in the city of Newport, on the 16th of October, 1920, was struck and wrecked by a limousine car belonging to appellant, Kentucky Livery Company, a corporation, and driven by one of its servants in the performance of its business, and this action was commenced by appellee Meyers against the livery company to recover damages for the wrecking of the said automobile owned by appellee. The car was an Oakland and it is charged in the petition to have been worth $800.00 at the time of the accident.

The answer of appellant company was a traverse of all the material averments of the petition and a plea of contributory negligence. The reply traversed all the averments of the plea of contributory negligence. A

jury trial resulted in a verdict for $550.00 in favor of appellee Meyers. Judgment being entered thereon, the livery company appeals.

As grounds for a reversal of the judgment appellant urges (1) that the court erred in the admission of incompetent evidence offered by the plaintiff below as to the damages sustained to the plaintiff's machine; and (2) the court refused to instruct the jury concerning the right of way at the intersection of highways as provided by the Acts of 1920, page 431.

1. The plaintiff Meyers testified in his own behalf concerning the accident and damage done to his car. Upon the subject of the value of his car and the extent of the damage suffered by it in the collision, the plaintiff said:

"Q. What happened to your machine? A. The whole top was completely sprung. He hit me at the front door and caved it right in. Q. What is the condition of that machine now? A. Defendant objects; objection overruled; defendant excepts. Q. What was the condition of the machine right after the accident? Defendand objects; overruled, defendant excepts. A. Why the machine is a total wreck. Defendant objects; court overrules; defendant excepts. Q. Were you able to run that machine home? A. No, I had to call up the Oakland garage on Monmouth street and have them tow it in. Q. Have you been able to use that machine since? Defendant objects; court sustains objection; plaintiff excepts. In the meantime the witness answers, No, sir. Q. What kind of machine were you driving, a limousine, a closed car, a touring car? Q. What was the value of that machine immediately before the accident? Defendant objects; court overrules objection; defendant excepts. A. It was valued at $800.00. Q. What was the value of it after the accident? Defendant objects; court overrules; defendant excepts. A. I guess it was worth about $50.00 or $75.00 after the accident. Defendant moves that the answer be stricken; court overrules the motion; defendant excepts."

This was in substance all the evidence given on behalf of plaintiff below as to the value of the automobile, and the loss sustained. This evidence was not sufficient to have warranted the court in submitting the case to the jury upon the question of the value of the automobile nor to sustain the verdict which was returned by the

jury; for we have written in the case of C., N. O. & T. P.
Ry. Co. v. Sweeney, 166 Ky. 362, that a second-handed
automobile, such as the one under consideration, may or
may not have a market value, depending upon its condi-
tion.   In that case we said in part: "It is a matter of
common knowledge that automobiles in all stages of use
and repair are being daily exchanged in barter and
sales.   If an automobile is totally destroyed or if an
automobile suffers injuries, the damages to the owner
from the destruction or injury of the machine, alone,
can not be more than his loss, which in the first instance
is its value immediately before its destruction, and, in the
second instance, is the difference between its value in
its injured condition and its value before the injuries.
To fix these values the law refuses to leave it to the
imagination of the owner of the injured property, or to
the opinion which a jury may set up as the criterion of
value, and which may vary in different cases, and with
each injury, but has adopted the market value, as the
one most tangible and the one which can be most easily
and certainly laid hold of.   This question has been
definitely settled by this court in former adjudications,
and is now beyond the sphere of controversy.   In the
case of Weil v. Hagan, 161 Ky. 292, the rule was laid
down as follows:

"In the case of injury to personal property the meas-
ure of damage is the difference between its market
value before and its market value after the injury."

There is no word of evidence in the record so far as
we have observed tending to prove the market value of
the automobile immediately before the accident or im-
mediately after the accident, and that is the measure of
damages to which the plaintiff was entitled, if any at all.
There was not sufficient evidence to carry the case to the
jury nor to support the verdict, and the judgment must
be reversed for these reasons.

2. Complaint is made of the instructions, and we
believe there is good ground for the objection.   The court
in substance told the jury that it was the duty of each
driver at the time and place mentioned in the evidence
to have his automobile under reasonable control, and to
give notice of its presence by the customary signals, to
keep a lookout ahead for persons and vehicles upon the
street and to exercise ordinary care to prevent injury
to persons or vehicles upon the highway at that time;

and if the jury should believe from the evidence that the defendant's agent in charge of said automobile failed to exercise any one or more of the duties mentioned in these instructions, and by reason of said failure and while plaintiff was exercising ordinary care for his safety, plaintiff's automobile received the injuries of which he complains the law is for the plaintiff. This instruction did not cover the entire law of the case. The first part thereof, defining the duties of the drivers, should have concluded in about this manner: and a vehicle shall yield the right of way at the intersections of their paths to vehicles approaching from the right, unless such vehicle approaching from the right is further from the point of intersection of their paths than such first named vehicle. This is a part of subsection "C" of section 10 of chapter 90 of the Acts of the General Assembly of Kentucky, 1920, and this particular subsection is found on page 431 of said volume. Appellant offered an instruction substantially in terms the same as the foregoing, except that it failed to include that part of the act which reads: "Unless such vehicle approaching from the right is further from the point of intersection of their paths than such first named vehicle." Although the offered instruction was imperfect, it was sufficient to suggest to the court the necessity of instructing upon this phase of the case.

On another trial of the case the court will instruct the jury as herein indicated.

Judgment reversed.