## No. 11,493.

### CITY OF COLORADO SPRINGS, ET AL. *v.* STREET.

Decided March 21, 1927.

### Action in mandamus.   Judgment for plaintiff.

### *Modified and Affirmed.*

1. STATUTES—*Ordinances—Construction.*   The presumption is that the word ''shall'' in a statute or ordinance, is mandatory, but where it is necessary, in order to give effect to the legislative intent, to construe the word as ''may,'' such construction will be adopted.

2. MUNICIPAL CORPORATIONS—*Ordinances—Construction.*   In the instant case, under the terms of an ordinance providing that the council *shall* issue a permit if the applicant complies with its terms, it is held that no discretion was lodged in the council to refuse to issue a permit upon such an application.

3. MANDAMUS—*Damages.*   In an action in mandamus, if damages have been sustained and proved by the plaintiff, they must be included in a judgment in his favor.

4.     *Damages.*   In an action in mandamus against a city to compel the granting of a permit, plaintiff cannot recover damages for expenses and attorney fees incurred in connection with a business which he was conducting without a permit in violation of a city ordinance.

5. DAMAGES—*Amount.*   Some latitude is allowed in assessing damages, and the mere fact that the amount is difficult of ascertainment does not disentitle a party to recover.   There is, however, a limit, and in the instant case it is held that plaintiff was entitled to nominal damages only.

6. COSTS—*Public Officials.*   In an action in mandamus to compel a city council to grant a permit, judgment being for plaintiff, it is held, under the facts disclosed, that he was entitled to recover from the defending officials who voted against granting the permit his costs taxed in the trial court, but not from those who voted in favor of granting the permit.   No judgment was entered against them for costs in the appellate court.

*Error to the District Court of El Paso County, Hon. Wilbur M. Alter, Judge.*

Mr. Thomas I. Purcell, Mr. Thomas C. Turner, for plaintiffs in error.

Mr. Samuel H. Kinsley, Mr. Leon H. Snyder, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

In this opinion the defendant in error will be referred to as the plaintiff, and the plaintiffs in error as the defendants. On application of the plaintiff, the district court ordered the issuance of a peremptory writ of mandamus, commanding the defendants to issue to the plaintiff a permit to install and maintain a dry cleaning business on premises described in the alternative writ theretofore issued. The case is here on writ of error sued out by the defendants.

Section 783 of a Colorado Springs ordinance is as follows: "No dry cleaning business shall be installed or maintained within the City of Colorado Springs except under permit of the city council. Plans and specifications, giving full details as to location, construction and operation thereof, must be filed with the city council together with an application to conduct such business. If the plans and specifications submitted comply with the rules of this ordinance, then the city council shall approve them and issue the necessary permit."

Section 795 of the ordinance provides: "The council may upon application therefor grant a permit, for any of the purposes for which a permit is required by this ordinance, to any person, firm or corporation, without regard to any of the provisions or regulations of this or-

dinance, whenever in the opinion of the council such permit may be safely granted; and the council may, in granting such permit, impose such conditions upon the applicant for safeguarding against fire risks as the council shall deem necessary under all the circumstances and conditions of the case. And the council may revoke any permit granted, under this section, or under any of the provisions of this ordinance whenever it shall become satisfied that the holder of such permit is not complying with any of the provisions of this ordinance, or with the terms and conditions imposed by the council at the time of granting such permit.''

The plaintiff applied to the city council for a permit, and filed with the city council plans and specifications, giving full details as to location, construction and operation of the proposed business, together with his application to conduct such business. The plans and specifications submitted complied with the rules of the ordinance. The council refused the application for a permit.

1. The plaintiff contends that section 783 is mandatory, and that the council had no discretionary power to refuse to approve the plans and specifications and issue the permit. The defendants, on the other hand, contend that the word ''shall,'' in that section, should be construed as ''may,'' and that the council had a right to refuse the permit, if in the opinion of the council, reasonably exercised, the conduct of the business in the proposed location would be detrimental to the public health, safety and welfare. The defendants further contend that, because of the fact that the location of the proposed business adjoins a thickly populated residential district, the conduct of such business would be detrimental to the public health, safety and welfare. The trial court held that section 783 of the ordinance made it mandatory on the city council to grant the application, saying, however: ''If I am mistaken in my view of the law in this matter, and any discretion whatever is vested in the city council

to grant or deny the permit, I should not find, under the circumstances, that they had abused that discretion in refusing the permit."

The presumption is that the word "shall," in a statute or ordinance, is mandatory, but where it is necessary, in order to give effect to the legislative intent, to construe the word as "may," such construction is adopted. *Holmes v. Royal Loan Association,* 128 Mo. App. 329, 107 S. W. 1005; 2 Lewis' Sutherland on Statutory Construction (2d Ed.) section 640. No such legislative intent appears in the present case. Section 783 provides that under the circumstances stated the city council *shall* issue the permit. Other sections amply protect the public. The building is required to be of non-combustible material. The height of the building, its distance from other buildings, the protection of the steam or hot water pipes, the location of vent openings and flues, the protection of all openings—indeed, the construction of the building, the installation of the machinery, and the operation of the plant are all prescribed by and hedged about with minute regulations calculated to prevent danger to surrounding buildings, and annoyance to their occupants. Furthermore, section 797 provides a substantial penalty if the applicant, after obtaining his permit, "shall build in violation of any detailed statement or specifications or plans submitted and approved" under the ordinance; and also provides that he "shall be required to correct or remedy such violations or defects within a reasonable time." As an additional protection to the public, the permit may be revoked. (Section 795.)

The attorneys for the defendants urge that section 795 confers upon the city council discretion to grant or refuse an application made under section 783. That position is not tenable. Section 783 provides that when an applicant complies with its terms and conditions, the city council *shall* issue a permit; and section 795 authorizes the city council, in its discretion, to grant a permit, without regard to the provisions or regulations of section 783 or

any other section of the ordinance, whenever in the opinion of the council such permit may be safely granted; and in such case the council may impose "conditions for safeguarding against fire risks."

The trial court was right in ordering the issuance of the permit.

2. The plaintiff below (defendant in error here) assigns as cross-error the refusal of the trial court to give the plaintiff judgment for damages and costs. The court said: "No damages will be allowed the Petitioner, because, under the law, damages in an action of this nature are not recoverable; nor will costs be awarded the Petitioner as against them as public officials."

Section 352 of our Code reads: "If the judgment be given for the applicant, he shall recover the damages which he shall have sustained, as found by the jury, or as may be determined by the court, judge or referees, upon a reference to be ordered, together with costs; and for such damages and costs an execution may issue and a peremptory mandate shall also follow without delay."

Counsel for the defendants contend that section 347 of the Code makes it discretionary with the court to award or refuse to award damages. That section is as follows: "If an answer is made, which raises a question as to a matter of fact essential to the determination of the motion, and affecting the substantial rights of the parties, and upon the supposed truth of the allegation on which the application for the writ is based, the court or judge may, in its discretion, order the question to be tried before a jury, and postpone the argument until such trial can be had, and the verdict certified to the court or judge. The question to be tried shall be distinctly stated in the order for trial, and the county shall be designated in which the same shall be had. The order may also direct the jury to assess any damages which the applicant may have sustained, in case they find for him."

That section does not have the effect suggested by counsel. By virtue of the section, the court or judge

may submit to a jury any matter of fact in issue and essential to the determination of the plaintiff's right to a peremptory writ; and also may direct the jury to assess any damages which the plaintiff may have sustained. Or, it would seem from a perusal of section 352, the court may appoint a referee to assess such damages. If the matter is not submitted to a jury or a referee, damages are assessed by the court. But by whomever assessed, if damages have been sustained by the plaintiff, they must be included in the judgment. The court has no discretion. In *Bell v. Thomas,* 49 Colo. 76, 111 Pac. 76, 31 L. R. A. (N. S.) 664, damages were adjudged to the plaintiff in a mandamus proceeding against a sheriff, and this court upheld the judgment, saying, with reference to what is now section 352 of the Code, that it "specifically provides, in such cases, that if the judgment be given for the plaintiff, he shall recover the damages he shall have sustained."

But in order to entitle the plaintiff to substantial damages, he must prove them. The only testimony on that subject was given by the plaintiff himself. It follows:

"Q. Have you suffered any damages by reason of the refusal of the City of Colorado Springs to grant this application? * * * A. Yes, sir.

"Q. You say you have suffered damage? A. Yes, sir.

"Q. What damages have you suffered by reason of not having this permit? A. Why, I had to buy an extra boiler to put over on the other side of the street, and I had to buy coal to run both boilers.

"Q. That is, you were conducting your business, say at 1704 West Colorado Avenue— A. I was doing my cleaning there.

"Q. That was across the street from where you are now doing business? A. Yes, sir.

"Q. —and you had to maintain a boiler over there? A. Yes, sir.

"Q. Why did you have to maintain a boiler over there? A. I had to have heat for my steam pressing.

"Q. That is, you had your cleaning on one side of the street, and your pressing on the other side of the street? A. Yes, sir.

"Q. How long did that continue until you moved to your new location? A. About four months.

"Q. What was the expense of maintaining the establishment on the north side of the street, at 1704 West Colorado Avenue? A. The rent was $20.00 a month, and the coal was about $10.00 a month.

"Q. You have also been charged in the Police Court of the City of Colorado Springs with a violation of the Ordinance, have you not, in conducting this business? A. Yes, sir.

"Q. And what inconvenience and expense did that put you to? * * * A. Attorney's fees and time lost coming and going several times.

"Q. And, of course, you have been compelled to make this application to the Court for this writ since the Council wouldn't grant your application? A. Yes, sir.

"Q. What do you estimate the total amount of your damage to be as a result of the Council refusing to grant your application? A. $600.00."

The uncontradicted evidence established the fact—indeed, on cross-examination the plaintiff admitted—that the boiler and the coal were used in connection with a business that the plaintiff was conducting without a permit, and therefore in violation of the city ordinance, and that the rent he paid was for the building in which he carried on that business. For such expenditures he should not and cannot recover. He is not entitled to recover for the attorney's fees or time lost in coming and going in connection with the police court case, for the reason that such expenses were caused by his own misconduct in conducting the business without a permit, and for the further reason that there was no evidence as to the amount of the fee or the value of the lost time. The ·

plaintiff's estimate of $600 as the total damage sustained is insufficient to support a judgment for substantial damages. It is evident that that estimate included the cost of the boiler, for which, as we have seen, no recovery can be had. No evidence of the cost of the boiler appears in the record; nor does it appear what, if any, expenditures, other than those specifically referred to in the plaintiffs' testimony, were included in the estimate of $600, and whether or not they were such as properly could be included in an assessment of damages. Some latitude is allowed in assessing damages. Accurate measurement is not required; and the mere fact that it is difficult to ascertain the amount does not disentitle a party to recover damages. *Goldstein v. Rocky Mountain Envelope Co.,* 78 Colo. 341, 241 Pac. 1110; *Nielsen v. Hansford,* 78 Colo. 456, 242 Pac. 677; *Denver v. Bowen,* 67 *Colo.* 315, 184 Pac. 357. But there is a limit, and substantial damages could not be allowed in the present case without passing beyond that limit. *Salida v. McKinna,* 16 Colo. 523, 27 Pac. 810; *Panhandle etc. Ry. Co. v. Reed,* (Tex. Civ. App.), 273 S. W. 611; *Claunch v. Osborn* (Tex. Civ. App.), 23 S. W. 937; *Kentucky Livery Co. v. Meyers,* 196 Ky. 822, 245 S. W. 882. Plaintiff is entitled to nominal damages only.

3. Section 352 of the Code provides for costs as well as damages. Our attention is called to the opinion in *People v. O'Ryan,* 71 Colo. 250, 205 Pac. 949, where it was said that, ''The rule seems to be that no costs can be recovered against a public officer prosecuting or defending as such in good faith.'' But that decision was on motion for judgment for costs incurred in this court in a proceeding on error. Section 352, therefore, had no application. Costs incurred in this court are controlled by other provisions. See C. L., section 6588; Code, section 438; Rules of Supreme Court; *Phillips v. Corbin,* 25 Colo. 567, 56 Pac. 180; *Witter v. Whipple,* 26 Colo. 1, 55 Pac. 1081; *Milner Bank v. Whipple's Estate,* 61 Colo. 442, 158 Pac. 811.

There is nothing in section 352 of the Code exempting from its provisions public officers who act in good faith. The transcript in *Bell v. Thomas,* 49 Colo. 76, 111 Pac. 76, cited above, shows that the trial court, in a mandamus action, rendered judgment for costs against the defendant, a sheriff. That judgment, as we have seen, was affirmed by this court. In certain cases hardship may result where a judgment for costs is rendered against a public officer who prosecutes or defends in good faith. But some consideration is due to a person who has suffered damage because a public officer refuses to perform a duty enjoined by law. Such a situation was presented in *United States v. Schurz,* 102 U. S. 378, 26 L. Ed. 167, a mandamus proceeding brought to compel the Secretary of the Interior to deliver a land patent. The Supreme Court, reversing the judgment of the lower court, held that the relator was entitled to a peremptory writ. The relator moved for judgment for costs, and the court, per Mr. Justice Miller, said: ''Our first impression was that as the defendant was sued in regard to the manner in which he had discharged certain official duties as Secretary of the Interior, in which no intentional wrong was charged or proven against him, it would be unjust to make him pay the costs of the proceeding out of his own pocket.

''But a careful examination of the authorities leaves us no option but to follow the rule that the prevailing party shall recover of the unsuccessful one the legal costs which he has expended in obtaining his rights.''

After referring to *Kendall v. United States,* 12 Pet. 524, 9 L. Ed. 1181, and *United States v. Boutwell,* 17 Wall. 604, 21 L. Ed. 721, the court continued: ''We cannot, in the face of these cases, refuse the order for costs, however much we might wish it were otherwise. There may be a contingent or other fund of the department out of which they can be paid. If there is none, Congress may provide for it or enact generally that when

the officers of the government are sued with reference to the manner in which they have performed or failed to perform their official duties, they, as in revenue seizures and similar cases, shall be relieved from the expense of the suit if they have acted with good motives and upon reasonable grounds.

"The relator must have judgment for his costs."

In *Industrial Commission v. Stong,* 77 Colo. 590, 239 Pac. 12, the facts were these: Stong was state treasurer, and, as such, was custodian of the state compensation fund. The law required him to invest that fund as directed by the commission. He refused to comply with the direction of the commission, with the result that there was loss to the insurance fund. The commission obtained a peremptory writ of mandamus (71 Colo. 133), and thereafter sued the treasurer and the sureties on his bond for damages. It was contended, and the trial court held, that the question of damages might have been litigated in the mandamus action, and that, having failed to avail itself of that right, the commission could not recover damages in a separate suit. We called attention to the fact that under our Code the plaintiff "could demand performance in the future and damages for nonperformance in the past (if the facts warranted) in the same action"; but for reasons not pertinent to this discussion, we held that the plaintiff did not lose the right to recover damages in the separate suit. The case was remanded with directions to the lower court to enter judgment, which judgment, of course, included costs. No one questioned the good faith of the treasurer in refusing to comply with the direction of the commission relative to investing the fund. He was honest and sincere in the belief that the law did not permit him to invest the fund as directed by the commission.

We hold that the trial court was authorized, and that it was its duty, to include in the judgment against all the defendants, except Harris and Hungerford (who voted

to issue the permit), damages in the sum of one dollar, together with costs taxed in the district court. The judgment is modified accordingly, and, as modified, is affirmed.

There will be no judgment against plaintiffs in error for costs taxed in this court. Supreme Court rule 51; *People v. O'Ryan,* 71 Colo. 250, 205 Pac. 949.