**CITY OF WESTMINSTER, a home-rule municipal corporation, Petitioner–Appellee and Cross–Respondent,**

**and**

**Robert Booze, Custodian of Records, Respondent–Appellee and Cross–Respondent,**

**v.**

**DOGAN CONSTRUCTION COMPANY, INC., Respondent–Appellant and Cross–Petitioner.**

**No. 94CA1032.**

Colorado Court of Appeals, Div. IV.

July 27, 1995.

Rehearing Denied Aug. 31, 1995.

Certiorari Granted March 25, 1996.

Martin R. McCullough, City Atty., Office of the City Atty., Westminster, for petitioner-appellee and cross-respondent City of Westminster and respondent-appellee and cross-respondent Robert Booze.

Wells, Love & Scoby, Kenneth D. Robinson, Boulder, for respondent-appellant and cross-petitioner.

Opinion by Judge KAPELKE.

Respondent, Dogan Construction Company, Inc. (Dogan), appeals from the order of the trial court granting petitioner, City of Westminster (the City), the right to withhold certain public documents from inspection pursuant to the "letter of reference of employment" exception to the Colorado Open Records Act. We reverse and remand with directions.

In early 1994, the City took construction bids for the upgrading of its Big Dry Creek wastewater treatment plant. Dogan was the low bidder. Another construction firm, Centric–Jones, was the second low bidder.

At the direction of the City, its engineering consultant, HDR Engineering, Inc., conducted a telephone survey of the references of Dogan and Centric–Jones and of other individuals who may have had information about the past performance of those two companies. The HDR employees who made the phone calls summarized the responses on survey sheets.

Based upon the information received, HDR recommended that the contract be awarded to Centric–Jones. Claiming inaccuracies in the City's reference information, Dogan protested the recommendation and submitted to the City several favorable letters of reference from entities contacted by HDR. The City nonetheless awarded the contract to Centric–Jones.

Acting pursuant to the Colorado Open Records Act, § 24–72–201, et seq., C.R.S. (1988 Repl.Vol. 10B), Dogan then submitted a request to inspect the telephone survey notes. The City filed a petition in the trial court requesting that it be allowed to withhold the telephone notes on the basis that disclosure would do substantial injury to the public interest. Dogan filed a separate action seeking an order from the trial court requiring the City and its custodian of records, Robert Booze, to show cause why they should not be compelled to disclose the telephone survey notes. The two actions were consolidated.

The parties stipulated that the trial court could determine as a matter of law whether the telephone survey notes were "letters of reference concerning employment" and therefore exempted from disclosure pursuant to § 24–72–204(3)(a), C.R.S. (1988 Repl.Vol. 10B). Based upon the briefs and arguments of counsel and an *in camera* review of the disputed documents, the trial court found that the notes were letters of reference concerning employment and therefore granted the City's request to be allowed to withhold the documents from inspection. Because of its ruling, the trial court did not need to address the City's additional contention, based on § 24–72–204(6), C.R.S. (1988 Repl. Vol. 10B), that disclosure of the documents would "cause substantial injury to the public interest."

Dogan contends that the trial court erred by determining that the telephone survey notes were letters of reference concerning employment and thereby exempted from disclosure. We agree.

The overall policy of the General Assembly in enacting the Colorado Open Records Act is set forth in the legislative declaration in § 24–72–201:

> It is declared to be the public policy of this state that all public records shall be open for inspection by any person at reasonable times, except as provided in this part 2 or as otherwise specifically provided by law.

Notwithstanding the general policy favoring disclosure of public records, § 24–72–204(3)(a) contains various exceptions, including the following:

> The custodian shall deny the right of inspection of the following records, unless otherwise provided by law; except that any of the following records, *other* than letters of reference concerning employment, licensing, or issuance of permits, shall be available to the person in interest under this subsection (3):

> . . . .

> (III) Letters of reference. . . . (emphasis added)

■ The upshot of these provisions is that while the public at large is not entitled to inspect letters of reference, a person in interest *is* entitled to do so unless the records constitute "letters of reference concerning employment, licensing, or issuance of permits," in which case they are unavailable even to the person in interest.

■ Our supreme court has recognized that exceptions to the broad, general policy of the Act favoring disclosure are to be narrowly construed. *Sargent School District No. RE–33J v. Western Services, Inc.,* 751 P.2d 56 (Colo.1988). Also, because of the presumption in favor of disclosure and because the party opposing disclosure is likely to possess superior knowledge concerning the nature of the affected documents and information, the burden of establishing an exception rests with such party. *Interna-*

*tional Brotherhood of Electrical Workers Local 68 v. Denver Metropolitan Major League Baseball Stadium District,* 880 P.2d 160 (Colo.App.1994).

Our primary task in interpreting a statute is to ascertain and give effect to the intent of the General Assembly. In ascertaining that intent, we must first look to the plain language of the statute itself, giving the terms their commonly understood and accepted meanings. *People v. McNeese,* 892 P.2d 304 (Colo.1995); *Organ v. Jorgensen,* 888 P.2d 336 (Colo.App.1994).

According to *Black's Law Dictionary* 813 (5th Ed.1979), a letter is "a dispatch or epistle; a written or printed message; a communication from one person to another at a distance." Certainly the telephone survey notes here do not fall within that definition.

Had the General Assembly intended to include telephone notes within the categories of documents excepted from inspection by persons in interest under the Act, it could easily have expanded the exception to include, for example, all writings relating to employment references. It did not do so.

Notably, the term "writings" is broadly defined in the Act to include "all books, papers, maps, photographs, cards, tapes, recordings, or other documentary materials, regardless of physical form or characteristics." Section 24–72–202(7), C.R.S. (1988 Repl.Vol. 10B). In contrast, by confining the exception here to "letters of reference concerning employment," the General Assembly has evinced an intent to protect a much narrower category of public records from disclosure to interested persons.

To give the term "letters of reference concerning employment" the expansive reading the City advocates—to include telephone notes relating to bidding by outside contractors on public projects—would require us not only to reject the common and ordinary meanings of the statutory terms, but also to ignore the requirement that we narrowly construe the exceptions to disclosure. Such an interpretation would also frustrate the basic legislative purpose of the Act, which is to allow access to all public records not *specifically* exempted by law. *See Denver Pub-*

*lishing Co. v. Dreyfus,* 184 Colo. 288, 520 P.2d 104 (1974); *Pruitt v. Rockwell,* 886 P.2d 315 (Colo.App.1994).

In light of our conclusion that the telephone survey notes here are not "letters of reference" within the meaning of the statute, we need not, and do not, address the additional issue of whether they concern "employment" within the statutory meaning of that term.

Finally, the City argues that the telephone survey notes should be protected from disclosure to Dogan, the person in interest, because the telephone communications were made in confidence and with an expectation of privacy. However, any understanding or promise with respect to confidentiality is essentially irrelevant to whether the documents fall within one of the Act's exceptions to the general requirement of disclosure. *International Brotherhood of Electrical Workers Local 68 v. Denver Metropolitan Major League Baseball Stadium District, supra; Denver Publishing Co. v. University of Colorado,* 812 P.2d 682 (Colo.App.1990).

Accordingly, we conclude that the trial court erred in determining that the telephone survey notes are "letters of reference concerning employment" and therefore exempt from disclosure here.

We recognize, however, that the trial court did not consider the City's additional contention that the telephone survey notes might nevertheless be shielded from Dogan upon a showing that their disclosure would cause substantial injury to the public interest. Thus, Dogan concedes, and we agree, that the matter must be remanded to the trial court for an evidentiary hearing under § 24–72–204(6).

Therefore, the order of the trial court is reversed, and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

MARQUEZ, J., concurs.

DAVIDSON, J., dissents.

Judge DAVIDSON.

Neither the Open Records Act nor any other Colorado statute or case law has provided a definition of the phrase "letters of reference." Because the meaning of the phrase as it is used in the Open Records Act, in my view, should not depend upon a precise, literal, definition of the word "letter" as a written "communication from one person to another at a distance," I respectfully dissent.

A.

The Open Records Act uses the phrase "letters of reference" in two different provisions. In one subsection, § 24–72–204(3)(a)(III), C.R.S. (1988 Repl.Vol. 10B), the Open Records Act provides that "letters of reference" shall not be subject to inspection by the public at large but may be inspected by the "person in interest." Section 24–72–204(3)(a), C.R.S. (1988 Repl.Vol. 10B), however, provides that "letters of reference concerning employment, licensing, or issuance of permits" are exempted from inspection even by the person in interest.

The telephone notes here are "public records" under the Open Records Act because they are writings made and kept by the City in the exercise of its municipal functions. *See* § 24–72–202, C.R.S. (1988 Repl.Vol. 10B). The information provided to the City and memorialized in the telephone notes concerns the City's inquiries into Dogan's qualifications and past performances as a contractor. Thus, the information contained in the telephone notes is of exactly the same kind as would be contained in a "letter" of reference originating from another source and then delivered to the City; only the form in which that information is memorialized is different.

The legislative purpose of the exemption for "letters of reference concerning employment" specifically is to prevent the disclosure of this kind of reference information to the person in interest. By providing the exemption, the General Assembly recognized that disclosure of letters of reference, even to the person in interest, discourages candid evaluations, and it chose instead to protect employment references given in confidence and with an expectation of privacy. *See Colorado Legislative Counsel Research Publ. # 126* (reflecting legislative concern that employers would be reluctant to provide unfavorable information unless the information is kept confidential and that honest evaluations would not be forthcoming if references were required to be disclosed under Open Records legislation).

From this, I see no basis upon which to treat reference information differently simply because it is provided in the form of a "letter" from a former employer rather than as a verbal response which is later memorialized by the person receiving the information.

Statutory words and phrases should be given effect according to their plain and ordinary meaning. However, in order to give effect to the legislative intent, a specific word need not be given its precise literal definition. *See Brown v. Board of County Commissioners,* 720 P.2d 579 (Colo.App.1985); *see also City of Colorado Springs v. Street,* 81 Colo. 181, 254 P. 440 (1927); *Adelson v. Board of County Commissioners,* 875 P.2d 1387 (Colo.App.1993) (it is permissible to look beyond the literal words of the statute if necessary to effect its purpose).

Furthermore, the phrase "letters of reference," undefined by statute, case law, or the majority opinion, is not so clear and unequivocal so as to forbid reading "into" instead of "out from." *See Tompkins v. DeLeon,* 197 Colo. 569, 595 P.2d 242 (1979) (Rovira, J., specially concurring).

Hence, here, I would interpret the phrase "letters of reference" so it means what the General Assembly intended it to mean, rather than restrict it by a too rigid reliance upon the literal meaning of "letter." I would hold that the term "letters of reference," as used in the Open Records Act, is a term of art used to describe communications and correspondence concerning the qualifications and past performance of the person about whom this information is requested.

B.

Because I would hold that it is immaterial here that the reference information was not provided in the form of a "letter" within the

literal meaning of that word, I also would reach, and reject, for similar reasons, Dogan's contention that, even if the telephone notes are letters of reference, they are not, as a matter of law, letters of reference "concerning employment," because they concern the award of a contract to an independent contractor.

Employment" is the "[a]ct of employing or state of being employed," and to "employ" is "[t]o engage in one's service; to hire." *Black's Law Dictionary*, 471 (5th Ed.1979). In my view, the hiring of an independent general contractor for a public project is "employment" within the meaning of § 24–72–204(3)(a).

Although there are some contexts, such as determining vicarious tort liability, in which a distinction is drawn between independent contractor status and employee status, there are others in which the status of the employed person simply is not material. *Compare Huddleston v. Union Rural Electric Ass'n*, 841 P.2d 282 (Colo.1992) (determining tort liability) *with Jet Courier Service, Inc. v. Mulei*, 771 P.2d 486 (Colo.1989) (determining whether employer's workers had been "enticed away" to a competing business did not depend upon their status as "independent contractors").

In any event, this distinction, when made, concerns the person employed; in either case, the hiring entity is an "employer." *See, e.g., Western Stock Center, Inc. v. Sevit, Inc.*, 195 Colo. 372, 578 P.2d 1045 (1978). *See also* § 8–41–402(1), C.R.S. (1994 Cum.Supp.) (any entity which owns real property and which contracts out work to be done on that property "to any contractor, subcontractor, or person who hires or uses employees in the doing of such work shall be deemed to be an employer" under the Workers' Compensation Act).

Here, the City, as a hiring entity, justifiably is concerned with the past performance of the contractors it hires to perform public projects and reasonably may wish to take into account a contractor's past ability to complete projects on time and within budgets. I perceive no reason why protecting the confidentiality of such reference information should be of any less concern than protecting reference information about any other prospective employee.