THE STATE ex rel. G. W. Hill et al. v. H. M. PET-
TINGILL, Judge of Circuit Court, et al.

,In Banc, June 25, 1919.

1. **LEVEE DISTRICT: Organized in 1903: Rights Under Amended Act
of 1913: Condemnation: Reorganization.** Notwithstanding a levee
district organized in 1903 under Art. 7, Chap. 122, R. S. 1909, has
never reorganized under the Act of 1913, Laws 1913, p. 290, it may
proceed under that act to condemn land for rights-of-way neces-
sary for ditches, because Section 53 of the Act of 1913 provides that
"all rights, powers, liens and remedies" then existent might be
enforced by the mode provided by the existing law or under the
provisions of the act.

2. ———: ———: **Amended Section 5703: Reorganization: Condemna-
tion.** The Act of 1911, repealing Sec. 5703, R. S. 1909, and sub-
stituting amended Section 5703 (Laws 1911, p. 231), did not de-
stroy the power of a levee district organized in 1903 to adopt a
plan for the reclamation of swamp and wet lands within its
boundaries and to condemn rights-of-way for drains and ditches
necessary to accomplish such reclamation. As to districts already
organized amended Section 5703 merely carried forward the power
already conferred by old Section 5703 to drain swamp and wet
lands and to secure rights-of-way for ditches, and Section 5713 au-
thorized such a district to "proceed under the article as amended
herein," which means that it was not necessary that the district
reorganize under the Act of 1911. ·

3. ———: ———: **Reorganization Under Act of 1913.** Section 47 of
the Levee Act of 1913 was not intended to repeal all previous acts,
and leave a levee district previously organized without legal au-
thority to proceed further in the exercise of the powers con-
ferred on it by said previous acts.

### Prohibition.

PRELIMINARY RULE DISCHARGED.

*B. L. Gridley, T. L. Montgomery* and *John M. Daw-
son* for relators.

(1) The right to condemn real estate must be strictly
construed and the right of the citizen sacredly pre-
served under the constitution, and laws of the State,

City of Tarkio v. Clark, 186 Mo. 285; Orrick School District v. Dorton, 125 Mo. 444; Railroad v. Schweitzer, 243 Mo. 122, l. c. 126. (2) Section 52 of the drainage act and Section 47 of the levee act, contain the words "may elect," with reference to the organization specified in the act. These words as used in this connection are mandatory and not directory. They provide the only authority for the district to avail itself of the act, of the conditions named in the sections. Deming v. Engineering & Const. Co., 154 Mo. App. 540; Hope v. Flentge, 140 Mo. 400; State ex rel. v. King, 136 Mo. 309; Steines v. Franklin County, 48 Mo. 178. (3) The circuit court has no jurisdiction to hear, try and determine the case, because the levee district has never reorganized under the law passed and approved April 7, 1913, entitled Drains and Levees, as approved by Section 47 to 52 of the act under which respondents are proceeding, and all acts are *coram non judice*, Laws 1913, p. 290 and 232; State ex rel. McWilliams v. Little River Drain. Dist., 269 Mo. 459; State ex rel. Caruthers v. Little River Drain. Dist., 196 S. W. 1117; State ex rel. McWilliams v. Bates, 235 Mo. 275; Sutherland on Statutory Construction, sec. 325, p. 412; Felt v. Felt, 19 Wis. 196; State v. Trenton, 38 N. J. L. 64; McCartee v. Orphan Asylum, 9 Cow. 437; McGrew v. Railroad, 230 Mo. 496.

*C. T. Llewellyn* and *Hazen I. Sawyer* for respondents.

(1) The right of respondent levee district to condemn real estate for rights of way for levees, ditches, etc., is expressly granted by Sec. 8364, R. S. 1899, which section adopts Sec. 8261, R. S. 1899, and makes it a part of the levee district laws of this State. The right of condemnation is further granted to levee districts by the Act of 1907, Laws 1907, p. 337. And it is further granted by Sec. 5706, R. S. 1909, and Sec. 26, Act of 1913, Laws 1913, p. 306. (2) Whether the word "may" as used in Sec. 47, Act of 1913, p. 318, is to be construed as "shall" is settled by the intention of the statute as

gathered by the context and by reading the whole act as one scheme and code. Section 53 makes its provisions available and enforceable at the election of the board of supervisors. Section 47 only applies and was only intended to apply to districts other than those organized under the general levee laws. Art. 7, Chap. 122, R. S. 1899, and Art. 9, Chap. 41, R. S. 1909. The proper construction of this Act of 1913 will harmonize all its sections and carry into effect the intention of the Legislature. Easton v. Courtwright, 84 Mo. 27; State v. Ebbs, 89 Mo. App. 95; Epperson v. N. Y. Life Insurance Co., 90 Mo. App. 432; King's Lake Dr. and Levee District v. Jamison, 176 Mo. 557; State ex rel. Kyger v. Holt Co. Ct., 39 Mo. 521. The Levee Laws of 1913 are in express terms declared to be "Remedial in character and purpose." Such statutes must be liberally construed. Pulitzer Publishing Co. v. McNichols, 170 Mo. App. 709; Abbott v. Marion Mining Co., 255 Mo. 378; Co-Op. L. S. Com. Co. v. Browning, 260 Mo. 324; Armor v. Lewis, 252 Mo. 568. (3) The cases of State ex rel. McWilliams v. Little River Drainage District, 269 Mo. 459, and State ex rel. Caruthers v. Little River Drainage District, 196 S. W. 1115, cited by relators, are mere *obiter* and were not at all necessary to the decision of the case in which the remarks were made. As to these Little River Drainage District cases they were both drainage, not levee cases. The drainage district acts and levee districts acts are separate, distinct and different statutes. However such provisions as are contained in Section 47 have never been passed upon by any court of last resort in this State. Section 43 contains this language: "and its provisions shall be construed to apply to levee districts already organized or in process of organization." The provisions of Revised Statutes so far as they are the same as those of prior laws, are construed as a continuation of such laws and not as new enactments. Kamerick v. Castleman, 21 Mo. App. 587; Dart v. Bagley, 110 Mo. 42; St. Louis v.

3—279 Mo.

Tiefel, 42 Mo. 578; Cape Girardeau v. Riley, 52 Mo. 424; State ex rel. v. Heidorn, 74 Mo. 410.

BLAIR, J.—The Des Moines & Mississippi Levee District No. 1 was proceeding to condemn and appropriate lands of Ellen Hill and others for the purpose of draining swamp and wet lands within the district when application was made for a rule in prohibition to restrain the judge of the Clark Circuit Court from further action in the premises. Mrs. Hill, the original relator, has died and her heirs have been substituted as parties.

The levee district was organized December 28, 1903, under Article 7, Chapter 122, Revised Statutes 1899. The return admits that the district "has never reorganized under Sections 47, 48, 49, 50, 51 and 52 of the" Act of April 7, 1913, Laws 1913, pp. 290-321; admits that an application was made to the Clark County Circuit Court "to amend its original plan of reclamation and to authorize said district to construct drains and ditches over and upon" relator's land within the district "under and by virtue of . . . Section 39" of the Act of March 23, 1915, Laws 1915, p. 275, and that relators herein filed their exceptions and objections thereto, and that, after a hearing, the court, granted the prayer of the district's petition. It is then admitted that the "district by its board of supervisors filed a petition in condemnation under . . . Article 2, Chapter 22, Revised Statutes 1909," praying the condemnation of "rights of way over relators' lands; that commissioners were appointed, duly qualified and assessed damages and compensation to relators therefor, and aver the sums assessed have been paid into the court. It is also admitted relators filed exceptions to the report and a plea to the jurisdiction and that this plea was overruled, and that the cause is docketed and pending for trial." Respondents then aver that the district "was not required to reorganize under the Act of 1913." Other facts appear in the opinion.

I.  By the admission of the return it is disclosed the levee district was organized in 1903, under Article 7, Chapter 122, Revised Statutes 1899; has never

*Remedies Under Amended Act.* reorganized under the Act of 1913 (Laws 1913, p. 290, et seq.); but, nevertheless, is proceeding, by the method prescribed by that act, against relators for the purpose of condemning portions of their land for rights-of-way for ditches necessary to reclaim swamp or wet lands within the district.

Since the district has not reorganized under the Act of 1913, let it be conceded that the rule contended for (State ex rel. v. Drainage Dist., 269 Mo. l. c. 459) is applicable, i. e., that the Act of 1913 did not affect the rights, powers or duties of levee districts previously organized. It is nevertheless true, as it was held, in the case cited, to be true of drainage districts in like condition, that the district "continues to operate and proceed under the original act and the applicable amendments," including that of 1911. It is to be noted that the case cited dealt only with the question whether a stated legal duty was imposed upon the drainage district. As to that question it was held the Drainage Act of 1913 had no application, in the absence of reorganization under that act. The rule of that case is subject to the same limitation when applied in this. Section 53 of the Act of 1913 affecting levees (Laws 1913, pp. 320, 321) is, in every respect affecting the question we now propose to consider, legally (and almost literally) identical with Section 62 of the Act of 1913 (Laws 1913, pp. 266, 267) concerning drainage districts. Section 53, after providing that no right, power, remedy or lien conferred upon a levee district, previously organized, shall be impaired by the repeal of previous laws and that pending proceedings should not be affected thereby and that no obligation, contract or undertaking should be held changed, modified or invalidated by such repeal, but should remain inviolate, added the following: "All rights, powers, liens and remedies now existing in behalf of such levee districts of this State, may be en-

forced and made available in the manner and by the
means and mode now provided by law, or such rights,
powers, liens and remedies may be enforced and made
available under the provisions of this act, if applicable,
at the election of the board of supervisors of the levee
district.'' It is apparent the section carefully protects
the rights, powers, liens and remedies from impairment
by the new act. Section 52 as fully provides against
the invalidation of obligations by the repeal of old laws
and the imposition of new obligations by the mere
passage of the new act. The quoted clause does not
concern itself with the rights, powers, liens or obligations
of the district, but has to do solely with the *procedure*
for their enforcement. In the case of a district which
was organized prior to 1913 and which has not re-
organized under the act of that year, the new law left
its rights, powers, liens and obligations and remedies
unaffected, but gave the board of supervisors of such a
district a right to employ, as they might choose, the
machinery of the old law or the new act in the enforce-
ment thereof. This provision is express, is within legis-
lative power and must be construed according to its
plain meaning. The word ''remedies'' casts no doubt
upon this meaning. The only doubt it raises is as to
the sense in which it is employed. The words ''if
applicable'' cannot well mean ''if the district has reor-
ganized under the Act of 1913,'' since the section, in-
cluding the quoted sentence, expressly deals with dis-
tricts which have not so reorganized. These words doubt-
less mean ''if appropriate;'' ''if effective for the pur-
pose in hand,'' i. e., if they can reasonably be applied
to the enforcement of the rights, powers, etc., with
which the sentence deals. This view of the act is in full
harmony with the holding in the case cited, conceding its
applicability as contended for by relator. The only ques-
tion concerning its applicability is one based upon lan-
guage in Sections 47 and 53, which respondents suggest
make the whole Act of 1913, as amended in 1915, appli-
cable to respondent district without reorganization—a

view which could not aid relator and need not be discussed.

II.  Article 7, Chapter 122, Revised Statutes 1899, under which respondent district was organized, authorized organization for the sole purpose of constructing "levees and other works that may be deemed practicable and necessary" to protect lands subject to overflow from rivers of the State.  [Section 8361, R. S. 1899.]  Section 8363 empowered the district to secure rights-of-way by proceeding as provided in Section 8261, Revised Statutes 1899, i. e. by condemnation.  In 1907 (Laws 1907, pp. 335, 336) Section 8361, Revised Statutes 1899, was amended so as to authorize levee districts "now or hereafter organized" to drain and ditch swamp or wet lands within the district.  Sections 8259 and 8262, Revised Statutes 1899, were referred to for the method.  In the same year (Laws 1907, p. 337) Section 8364 was so amended as to provide a detailed scheme for condemning rights of way for levees, ditches, drains, etc.  Article 7, Chapter 122, Revised Statutes 1899, as amended in 1907, became Article 9, Chapter 41, Revised Statutes 1909.  Sections 8361-8370, Revised Statutes 1899, with amendments, became Sections 5703-5713, Revised Statutes 1909.  In 1911 (Laws 1911, p. 230, et seq.) an act was passed repealing Sections 5703-5713 (Art. 9, Chap. 41, R. S. 1909) and enacting sixteen sections in lieu thereof.  Section 5703 of this act authorized the organization of levee districts for the purposes expressed in Article 7, Chapter 122, Revised Statutes 1899, but instead of carrying forward the provision of Section 8361, Revised Statutes 1899, as amended in 1907, concerning the drainage of swamp and wet lands within the district, as a proviso, it made such drainage one of the purposes for which a levee district might be organized under the Act of 1911.  The conditions and methods of organization were appreciably changed.  The adoption of a "plan for reclamation" was authorized. No method for changing such a plan was provided. Section 5713 of the Act of 1911, (Laws 1911, p.

238) provided that in existing districts "the landowners may proceed under the provisions of the article as amended herein, and by doing so no contract, obligation, assessment or lien of the district shall be abated." Section 5704 of the Act of 1911 (Laws 1911, p. 232) was intended to incorporate in the act, by reference, certain sections of other acts.

Under the law as it existed in 1909 (Art. 9, Chap. 41, R. S. 1909) respondent district had full power to adopt plans for the reclamation of swamp and wet lands within its boundaries, and for that purpose was authorized to condemn rights-of-way for ditches and drains necessary to accomplish such reclamation. Did the Act of 1911, in repealing Section 5703, Revised Statutes 1909, and substituting amended Section 5703 (Laws 1911, p. 231) destroy that power? We think not. The amended Section 5703 empowers levee districts organized thereafter to include such a purpose in its articles of incorporation. The Act of 1911, as well as Article 9, Chapter 41, Revised Statutes 1909, authorized levee districts to drain swamp or wet land within the district. So far as concerned districts then already organized this provision of the Act of 1911 constituted merely a carrying forward into the new act of a power existing under the old. To hold otherwise would result in the conclusion that the Legislature intended to discriminate in a very material respect between the old and new districts. It would mean that new districts might proceed to the complete reclamation of lands within their boundaries, while districts organized prior to the taking effect of the Act of 1911 must content themselves with permitting swamp and wet lands within their boundaries to remain unreclaimed. Districts formed or in process of organization prior to 1911 were not authorized to incorporate for the express purpose of reclaiming such swamp and wet lands. The power was one given these districts in the manner already pointed out, and the duty to exercise it was imposed upon the boards of supervisors. If the Legislature meant to deprive such

districts of this power and did not intend it to remain in them by force of the amended provision, it would have been easy to have made such purpose clear. Sections 5704 and 5705 of the Act of 1911 expressly gives the board of supervisors power to "construct or maintain" ditches necessary to the reclamation of any land in the district and condemn rights of way therefor. Section 5713 of the same act clearly states that districts already organized "may proceed under the article as amended herein." This does not require reincorporation. It enabled the district already incorporated to avail itself of the machinery of the act for carrying out its purposes and exerting its powers. There is no provision for the reorganization of old districts under the new Act of 1911. We think the act left in districts then organized the power to reclaim swamp and wet lands within their boundaries and condemn rights of way for ditches, etc., necessary to that end.

Since the district had the power to act, it was and is, on relator's own theory, authorized (Par. I, supra) to employ, in the exertion of that power, the procedure provided by the Act of 1913. As already pointed out, this renders unnecessary discussion of respondents' contention that Sections 47 and 53 of the Act of 1913 render that act, in every respect, applicable to respondent district, without reorganization.

III. The argument that Section 47 of the Act of 1913 was intended to repeal absolutely all previous acts, so far as districts organized prior to 1909 are concerned and leave such districts without legal authority to proceed further unless they reorganized under the Act of 1913, is unsound. It runs counter to the principle approved in State ex rel. v. Drainage District, supra, and applied in a like situation to drainage districts. It also attributes to the Legislature an intent not in accord with the announced spirit of the act itself. [Sec. 53, Act of 1913, Laws 1913.] This disposes of the question raised. The preliminary rule is discharged. All concur; *Bond, C. J.,* in result; *Woodson, J.,* not sitting.