THE STATE OF MISSOURI at the relation of FRANK B. HARRISON, JOHN CAMERON, JOHN WINKLEMAN, JAMES CAMERON, WILLIAM WINKLEMAN, THOMAS JOYCE, NANCY WELLS, W. E. BATES, CHARLES WINKLEMAN, FRANK BATES and JAMES JOYCE, Relators, v. G. W. HILL, GEORGE CANNON, HENRY D. VOSS, JR., JOSEPH WOOD, and SAMUEL HAMMOND, Respondents.

St. Louis Court of Appeals. Opinion Filed March 2, 1923.

1. **LEVEES AND LEVEE DISTRICTS: Board of Supervisors: Duty to Call Annual Meeting of Landowners.** The board of supervisors of a levee district incorporated under the provisions of article 7, chapter 122, Revised Statutes 1899, now article 9, chapter 28, Revised Statutes 1919, although never reorganized under Session Acts of 1913, p. 290, are controlled and governed by the provisions of sections 4600-4603, Revised Statutes 1919, in the matter of calling the annual meeting of landowners of the district, and are required to call such meeting as provided in the sections of the statute, and under the language used in section 4603, the time of calling the meeting is mandatory.

2. **MANDAMUS: Levees and Levee Districts: Board of Supervisors: Calling Annual Meeting of Landowners: Ministerial Act.** The board of supervisors of a levee district incorporated under the provisions of Article 7, chapter 122, Revised Statutes 1899, now article 9, chapter 28, Revised Statutes 1919, in calling an annual meeting of landowners as provided in sections 4600-4603, Revised Statutes 1919, acts in a purely ministerial capacity, nothing being left to the discretion of the board as to the time of calling the meeting, but the mandate of the law is that such meeting shall be called in the same month of each year after the election of the first board, as the landowners have the right to have the meeting called as the law provides, and it is not for the board to say whether that time is an appropriate time, and mandamus lies to compel the board to call such meeting.

3. ———: **Amendments: Alternative Writ: May be Amended.** Inasmuch as the provisions of the Code, section 1290, Revised Statutes

1919, pertaining to amendments of pleadings are expressly made to apply to writs of mandamus, an alternative writ to require the board of supervisors of a levee district to call an annual meeting of landowners will be amended so as to require the holding of such meeting on a day certain in the manner and upon the notice provided by sections 4600-4603, Revised Statutes 1919.

MANDAMUS.    ORIGINAL PROCEEDING.

PEREMPTORY WRIT AWARDED.

*Plantz & Lamet, C. T. Llewellyn* and *John M. Dawson* for relators.

The Board of Supervisors duties as to calling an annual meeting or annual election are purely ministerial there can be no two options on the proposition. "A ministerial act may be defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to or exercise his own judgment upon the propriety of the act to be done. Black Law Dictionary and cases cited; 5 Words and Phrases (1 Series), p. 4523. Mandamus lies to compel ministerial duties. The recognized case of Marbury v. Madison, by chief Justice MARSHALL that mandamus would lie or not is to be determined "not by the office of the person to whom the writ is directed, but by nature of the thing to be done." Mandamus lies to complete the performance of ministerial duties the nature of the act to be done here under sections 4600-4603, Revised Statutes 1919, are purely ministerial. Mandamus lies to compel the president of the counsel of the city of St. Louis to sign a house bill. State ex rel. v. Meier, 143 Mo. 439. Issuing processes is a ministerial act. 5 Words and Phrases (1 Series), p. 4524. Mandamus lies to compel the Secretary of State to perform a ministerial act—to issue private bankers certificates. State ex rel. v. Cook, 174 Mo. 100. Ministerial acts defined. 3 Words and Phrases

. (2 Series), pp. 395-396-397-398. The mandate of section 4603, Revised Statutes 1919, is for respondents to. call the annual election, or annual landowners' meeting without regard to, or the exercise of, their own judgment upon the propriety of the act of so calling said annual meeting or annual election. ·Words· and Phrases (2 Series), p. 296, and cases cited.

*T. L. Montgomery* for respondent.

(1) Mandamus is an extraordinary remedy and one who seeks its aid must show himself to have a clear legal right to the performance of the particular act the doing of which he seeks to compel. Unless relator's right thereto is clear, plain, and not doubtful, the writ should be denied. State ex rel. Kimbrell v. Becker, Sec. State, 237, S. W. 117, Decided by Sup. Court in Banc, Jan. 14, 1922; State ex rel. Davis v. Edwards et al., 206 Mo. App. 496; State ex rel. Hudson, 226 Mo. 239; Adair Drainage District v. O. K. Railroad, 280 Mo. 244. (2) The levee district was organized in the year 1903, under article 7, chapter 122, Revised Statutes 1919, and as to the time of calling the landowners' meeting that law governs. The meeting therefore should be called under that act. The levee district has never re-organized under Acts of 1913. The rights of the district are reserved by section 53, Acts 1913, p..320, also same law section 4650, Revised Statutes 1919. Secs. 52 and 53, Acts 1913, p. 320; Revised Statutes of Missouri 1919, sections 4649 and 4650; State ex rel. Kidder v. Inter-River Drainage District, 246 S. W. 282; State ex rel. v. Drainage District, 269 Mo. 459; State ex rel. Hill v. Pettingill, 270 Mo. 31. (3) The law requiring the calling of the landowners' meeting is governed by the Act under which the district was incorporated. This law provides "Every year after the election of the first Board of Supervisors *at such time and place in said district' as the Board of Supervisors may designate* and upon not less than 15

211 M. A.—40

days' notice, the owners of the lands in such district shall meet and elect one Supervisor therefor in like manner as in the preceding election, who shall hold his office for five years, and until his successor is elected and qualified" . . . Section 8363, Revised Statutes 1899. This section refers to section *8256* of the same revision, the part of which is quoted above. The italics is mine. (4) The alternative writ does not state facts sufficient to justify the awarding of the peremptory writ, because it is predicated upon a law not applicable to the case made. See Authorities cited under paragraph 2, supra. (5) The annual meeting has been called by respondents for March 31, 1923, and fully complies with the Statute authorizing it to be called, and the peremptory writ should be denied. (6) Mandamus will not lie to compel the exercise of a discretionary power in a given manner. 26 Cyc. 158; State ex rel. v. Bolts, 151 Mo. 362; United States v. Guthrie, 17 Howard, 304. "It is elementary that mandamus is a discretionary writ—issuing only in the exercise of a sound (i. e., judicial) discretion. It will issue to coerce action but not to regulate or control a discretion reposed by law in an official while acting. The thing the writ is aimed at is the performance of a ministerial duty "imposed by law." State ex rel. v. Hudson, 226 Mo. 265; State of Missouri v. Andrew Johnson, 4 Wall. 498. It will not lie to compel the performance of an official act whether judicial or administrative which involves the exercise of a large measure of discretion. State ex rel. Hutton v. Scott County Court, 197 S. W. 348; State ex rel. v. West, 272 Mo. 304; State ex rel. v. Wurdeman, 187 S. W. 259; State ex rel. v. Nortoni, 269 Mo. 453; State ex rel. v. Holtcamp, 267 Mo. 412. (7) The word "shall" as used in the Statute on which the alternative writ is based, does not make the Statute mandatory as to time. If the Supervisors fail to call in the month of February, this does not make the call or the election void. The statute is there used as to time and is directory under all the authorities. State

ex inf. v. Talty, 166 Mo. 559; State ex inf. v. Faylor, 208 Mo. 452-3; 2 Spelling on Extraordinary Remedies (2 Ed.), secs. 1384, 1385; Southerland on Statutory Construction, sec. 212-512; Holmes v. Loan Association, 128 Mo. App. 329, 335-6-7; Riesterer v. Land & Lumber Co., 160 Mo. 141; 14 A. C. J. Title Corporations, p. 52; In re Hammond, 139 Fed. (U. S.) 898. (2) While the officer may be compelled to exercise his discretion, he cannot be compelled to exercise it in a given manner. State ex rel. v. Jones, 155 Mo. 575; State ex rel. Gregory, 83 Mo. 136; State ex rel. Hathaway v. State Board of Health, 103 Mo. 28 and 29. It is submitted that the meeting has been called. The respondents have acted in good faith in their sound discretion under existing conditions in the interest of the district, as well as relators, and should be required to do no more. 18 R. C. L., p. 116, secs. 28, 30 and 38; Adair Drainage District v. O. K. Railroad, 280 Mo. 244; State ex rel. v. Hudson, 226 Mo. 239; State ex inf. v. Kansas City Gas Co., 254 Mo. 515.

BIGGS, C.—Mandamus. Relators are the owners of certain lands situated in the Des Moines and Mississippi Levee District · No. 1, Clark County, Missouri. They seek a writ of mandamus to compel the respondents, who compose the Board of Supervisors of the District, to call an annual meeting of the landowners in the district, as is required and provided by article 9, chapter 23, Revised Statutes 1919, and that said meeting be called in February, 1923, or as soon thereafter as time will permit, as provided by sections 4600 and 4603 of said article and chapter.

It is alleged in the application for the writ that the district was regularly incorporated by the circuit court of Clark county. Missouri, in the year of 1903 under the provisions of article 7, chapter 122 of the Revised Statutes of Missouri 1899, now article 9, chapter 28 of the Revised Statutes of Missouri, 1919, and that from the time of the incorporation of the district the corporation

has been operating under the provisions of said statutes and the acts amendatory thereof; that the respondents are the duly elected and qualified members of the Board of Supervisors of the district; that the annual meeting of the landowners has heretofore been held in February of each year, at which time one member of the Board of supervisors has been elected for a term of five years, as provided in said statutes, and in the manner provided by sections 4600 and 4603 of the Revised Statutes of 1919; and that the month of February, 1923, is the month of the year when the Board of Supervisors are required by law to call the annual meeting of landowners, as provided in the sections of the statutes last referred to.

It is further averred that the respondents refused to call said landowners' meeting in the month of February 1923, although the relators on February 3rd filed written demand upon said respondents to call said meeting in the month of February, as required by law; that the respondents held a meeting on February 5, 1923, but refused to call said landowners' meeting in the month of February or at any other time.

The respondents by their return to the alternative writ, after admitting that the district was organized under the provisions of article 7, chapter 122 of the Revised Statutes of 1899, avers that the district was never reorganized under the Act of 1913, which is article 9 of chapter 28 of the Revised Statutes of 1919. The return denies that the Board of Supervisors are required to hold the annual meeting in the month of February, and further denies that the Board of Supervisors is bound by the provisions of sections 4600 and 4603 referred to; that the annual meeting of the landowners is not affected by the provisions of article 9, chapter 28 of the Revised Statutes 1919, of which sections 4600 and 4603 are a part, for the reason that section 4650 of that article so declares; that the Act under which the levee district was incorporated and by the provisions of sections 8256 and

8363 of that law the matter of calling the annual land-owners' meeting is discretionary with the Board, and does not require the meeting to be called in the same month that the first meeting of landowners is held.

It is further averred in the return that the respondents on the 19th day of February, 1923, at a meeting regularly held, called a landowners' meeting of said levee district to be held on Saturday, March 31, 1923, at the regular place of holding said meetings, and by order of record directed the secretary to cause notice to be published in accordance with the provisions of the law in such cases provided, which said meeting was called for the purpose of electing one member of the Board of Supervisors for five years, and to attend to such other business as may come before such meeting.

. Further facts are set forth in said return, which are unnecessary to give in detail, which are stated for the purpose of justifying the action of the Board in delaying the holding of the annual meeting until March 31, 1923, and in which it is set forth that the last annual meeting of the landowners was held on February 18, 1922.

The relators have filed a motion to strike out respondents' return, which is in effect a demurrer thereto.

It is the contention of the relators that inasmuch as the annual meeting of the landowners of the district has heretofore been held in the month of February, that the respondents are required under the provisions of sections 4600 and 4603, Revised Statutes 1919, to call the annual meeting of landowners of the district in that month; that the district as organized is governed by the provisions of these statutes with reference to the question of calling the annual meeting; that section 4603 referred to provides that 'in the same month of each year after the election of the first Board of Supervisors, the Board of Supervisors shall call a meeting of the landowners of the district in the manner provided for in section 4600;'' that the duty of calling such meeting imposed upon the board by said statute is purely minis-

terial in character and that inasmuch as respondents have refused to call such meeting that they should be compelled to do so by our writ of mandamus.

On the other hand, it is contended by respondents that inasmuch as the district was organized in 1903 under the law then applicable to levee districts, being article 7 of chapter 122 of the Revised Statutes of 1899, that the district is still governed by the provisions of that Act and is not bound in the matter of calling annual meetings by the provisions of sections 4600 and 4603 of our present statute; that under the old law under which the district was organized and by the provisions of section 8256 of the Revised Statutes of 1899, the time and place of calling such meeting is left to the Board of Supervisors. The latter section provides "every year after the election of the first board of supervisors, at such time and place in said district as the board of supervisors may designate, and upon not less than fifteen days notice, the owners of the lands in such district shall meet and elect one supervisor." etc. It is therefore contended by respondents that the district is governed by this provision of the old law and that such statute leaves the matter of the time and place of holding the annual meeting of landowners to the discretion of the Board of Supervisors, and hence such discretion should not be interfered with or controlled by any action on our part.

The question involved is whether the respondents are governed in the matter of the time of calling the annual meeting of landowners by the provisions of article 9, chapter 28 of the Revised Statutes of 1919, our present law relating to levee districts, or by the provisions of the old law of 1899, under which the district was organized. Article 9, chapter 28 referred to, was passed in 1913, and is found in the Session Acts of that year, page 290. It appears from the Act that it was intended to repeal article 9, chapter 41 of the Revised Statutes of 1909, and also to repeal an Act amending said article 9 of the Laws of Missouri 1911 and all sections thereof, and to enact a

new law in lieu thereof. Article 9, chapter 441, Revised Statutes 1909 is a revision of article 7, chapter 122 of the Statutes of 1899.

Section 53 of the Act of 1913 (section 4650, R. S. 1919) provides that ''The repealing of existing laws shall not have the effect of suspending, abating, abridging, impairing, vitiating or nullifying any right, power, remedy or lien heretofore given, created or conferred upon any levee district heretofore organized or in process of organization at the time of the passage of this article, . . . but all such rights, powers, remedies and liens are hereby directly preserved to all such levee districts . . . All rights, powers, liens and remedies now existing in behalf of such levee district of this State may be enforced and made available in the manner and by the means and mode now provided by law, or such rights, powers, liens and remedies may be enforced and made available under the provisions of this article, if applicable, at the election of the board of supervisors of the levee district. This article is hereby declared to be remedial in character and purpose, and shall be liberally construed by the courts in carrying out the legislative intent and purpose, and *its provisions shall be construed to apply to levee districts already organized or in process of organization at the time of the passage of this article.*'' (Italics ours.)

By section 4602, Revised Statutes 1919, it is provided that: ''The provisions of this article shall apply to and become applicable to all districts heretofore organized, reorganized or in process of organization or reorganization, under the provisions of prior laws.''

The effect of section 4650, supra, is to preserve to levee districts organized under prior laws all rights, powers, remedies and liens bestowed upon them by such laws. If the question of the time of calling the annual meeting of the landowners of the district, and the duty imposed by the statute upon the Board of Supervisors in reference thereto can be properly said to be a right,

power, remedy or lien of the district, then Section 4650 would have the effect of preserving to the district such right, power, remedy and lien. If such question cannot be answered in the affirmative, and we do not think it can be, then it is clear that the provisions of sections 4600 and 4603 apply and govern the Board of Supervisors in the matter of the time and manner of calling the annual election. The said sections referred to (especially section 4603) are regulations imposed upon the Board of Supervisors, are matters of administrative detail, and prescribe the duty of the Board of Supervisors in regard to such meetings, and instead of being either a right, power, remedy or lien of the district as such, are more properly denominated a benefit conferred upon the landowners of the district, in that the time of their annual meeting is definitely fixed by law.

Prior to the enactment of section 4603 the law left it to the Board of Supervisors to call the annual meeting at such time and place as they may designate. By section 4603 the time of such meeting is definitely fixed, and must be held the same month of each year, thereby definitely fixing the time for the holding of such meeting for the purpose of electing a new supervisor, which was an additional benefit conferred upon the district as such. We think it was clearly the intention of the Legislature to permit and require districts organized under prior laws to be governed by the Act of 1913, at the same time preserving to such districts all their rights, powers, liens and remedies given and bestowed upon them by the laws under which they were organized. Such conclusion in nowise conflicts with what was said by our Supreme Court in the recent case of State ex rel. Kinder v. Inter-River Drainage District et al., 246 S. W. 282. It was there ruled that a drainage district organized under the Drainage Act of 1909 (sections 5496-5541, R. S. 1909) and which had not elected to recognize under the Circuit Court Drainage Act of 1913, was not required to build bridges in connection with its works of reclama-

tion, but that such duty devolved upon the county. The Circuit Court Drainage Act of 1913, which was there construed had a provision similar to section 4650, here under consideration, relating to levee districts, which provided that the rights, powers, liens and remedies of drainage districts organized under prior laws should be preserved, and hence it was ruled that the question of whether the county was required to build bridges over the ditches was a right preserved to the district by the Act, and was not affected by the Act of 1913, where the district had not elected to reorganize under the provisions of that Act. The right of the district to have the county pay for the bridges over the ditches where they intersected the highways was a most important right, and wholly differs from the question of regulating the time of holding the landowners' annual meeting. The regulations imposed by section 4603 upon the Board of Supervisors of the district could not be said to be either a right or remedy of the district, and hence we rule that the respondents are controlled and governed by the provisions of sections 4600, 4601, 4602 and 4603 of the Statutes of 1919 in the matter of calling the annual meeting of the landowners, and this notwithstanding the fact that the district never reorganized under the Act of 1913, as such was unnecessary under the provisions of the Act as construed by the Supreme Court in the case of State ex rel. Hill v. Pettingill, 279 Mo. 31, 213 S. W. 780.

It is however argued by respondents that even though sections 4600 and 4603 govern the Board in the matter of calling the annual meeting, still under the language used in section 4603 the time of calling the meeting is not mandatory. The latter section provides that "in the same month of each year after the election of the first board of supervisors, the board of supervisors shall call a meeting of the owners of land and other property in the district," etc. We think it was clearly the legis-

lative intent to fix a definite time of calling the annual meeting and that the Board in making the call acts in a purely ministerial capacity. Nothing is left to the discretion of the Board as to the time of the meeting, but the mandate of the law is that such meeting *shall* be called in the same month of each year after the election of the first board. Such is plainly expressed in the statute. The landowners have the right to have the meeting called as the law provides, and it is not for the Board to say whether that time is an appropriate time. The landowners may so determine in the meeting if they see fit and adjourn the meeting to a future date. We realize the word "shall" has not always been construed so as to require mandatory action on the part of a public official. However, in those cases some good reason existed which called for such construction, where, for instance, to give the word a mandatory meaning would be contrary to and would violate the rule that the intention of the act will prevail over the literal sense of its terms. [Holmes v. Loan Assn., 128 Mo. App. 329, 107 S. W. 1005; State ex rel. v. Talty, 166 Mo. 529, 66 S. W. 361.] No such reason exists here why the word should not be given its ordinary mandatory meaning. On the contrary, good reasons appear why it should be given such meaning. The essential object and purpose of the Act (section 4603) was to fix a definite time for holding the annual meeting of the landowners. It will be contrary to such object, purpose and intent to construe the Act to mean that the time of holding such meeting should be left to the discretion of the Board of Supervisors. Such a construction would be contrary to the clearly expressed provisions of the Act.

It follows from what is herein said that the alternative writ heretofore issued should be made absolute. However, in view of the fact that by the respondents' return it appears that they have already called a landowners' meeting for March 31, 1923, the alternative writ will be amended so as to require the holding of a meet-

ing on that day in the manner and upon the notice provided by sections 4600 and 4603 of the Revised Statutes of Missouri 1919, and as amended should be made peremptory. This procedure is authorized, as the provisions of our Code pertaining to amendments of pleadings are expressly made to apply to writs of mandamus. [Section 1290, Revised Statutes 1919; State ex rel. Dreyer, 183 Mo. App. 463, l. c. 479, 167 S. W. 1123.] Such is the recommendation of the Commissioner.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The Alternative Writ heretofore issued is hereby amended as recomended by the Commissioner, and as amended is made peremptory. *Allen, P. J., Becker* and *Daues, JJ.,* concur.