The Honorable Steve Ehlmann Senator, District 23 State Capitol Building, Room 421 Jefferson City, Missouri 65101
Dear Senator Ehlmann:
This opinion is in response to your question asking:
 Does Section 245.280 grandfather in any levee district existing prior to March 4, 1991 with regard to the change in the law which became effective on that date contained in Section 49.600(4) which states: "Levee districts organized pursuant to chapter 245, RSMo, and drainage districts organized pursuant to chapters 242 and 243, RSMo, are subject to flood plain management regulations adopted by a county pursuant to this chapter"?
Along with your question, you state:
 . . . [Section] 245.280 preserves "[a]ll rights, powers, liens and remedies now existing in behalf of such levee district of [this] state". This would seem to indicate that, without amending or deleting Section 245.280, the Legislature cannot pass 49.600(4) which severely limits or denies the power of levee districts to build levees and that 49.600 would apply only to new levee districts created after March the 4th, 1991.
 The Consolidated North County Levee District was in existence and organized under Chapter 245 of the Mo. Statutes prior to March 3rd, 1991.
Section 245.280, RSMo 1986, provides:
 245.280. Sections construed — existing rights not to be affected. — The repealing of existing laws shall not have the effect of suspending, abating, abridging, impairing, vitiating or nullifying any right, power, remedy or lien heretofore given, created or conferred upon any levee district heretofore organized or in process of organization at the time of passage of sections 245.010 to 245.280, under any law of this state, either special or general, but all such rights, powers, remedies and liens are hereby directly preserved to all such levee districts; . . . Sections 245.010 to 245.280 are hereby declared to be remedial in character and purpose, and shall be liberally construed by the courts in carrying out this legislative intent and purpose, and its provisions shall be construed to apply to levee districts already organized or in process of organization at the time of the passage of sections 245.010 to 245.280.
Section 245.280 was originally enacted as Section 53 of Committee Substitute for House Bill No. 690, Forty-seventh General Assembly (1913). That act provided that the powers of levee districts shall be preserved as they existed at the time of the passage of the 1913 law. Such section as originally enacted provided:
 Sec. 53. Act, how construed — existing rights not be affected by this act. — The repealing of article 9 (entitled "Organization of levee districts by circuit courts") of chapter 41 (entitled "Drains and levees") of the Revised Statutes of Missouri of 1909 and the repealing of an act amending and adding to said article 9, enacted in 1911 and found on pages 231 to 239 of the Laws of Missouri of 1911, shall not have the effect of suspending, abating, abridging, impairing, vitiating or nullifying any right, power, remedy or lien heretofore given, created or conferred upon any levee district heretofore organized or in process of organization at the time of passage of this act, under any law of this state either special or general, but all such rights, powers, remedies and liens are hereby directly preserved to all such levee districts; . . . This act is hereby declared to be remedial in character and purpose, and shall be liberally construed by the courts in carrying out this legislative intent and purpose, and its provisions shall be construed to apply to levee districts already organized or in process of organization at the time of the passage of this act. [Emphasis added.]
Laws of Missouri, 1913, pages 320-321. A review of the history of Section 245.280 indicates no legislative action with respect to such section since its original enactment in 1913. The changes between such section as originally enacted in 1913 and such section as set forth in the 1986 statutes occurred primarily between 1913 and 1919 and were apparently made by the revisor of statutes. Such section was numbered Section 4650 in the Revised Statutes of Missouri, 1919, and is substantially the same as Section 245.280, RSMo 1986, except the section number references were changed subsequent to 1919 also apparently by the revisor of statutes.
The language of Section 53 of Committee Substitute for House Bill No. 690 expressed the legislative intent to permit and require districts organized under laws prior to 1913 to be governed by the act of 1913, at the same time preserving to such districts all their rights, powers, liens, and remedies given and bestowed upon them by the laws under which they were organized. State ex rel. Harrison v. Hill, 249 S.W. 693, 695
(Mo.App. 1923). "Absent a legislative act amending the section, statute revisers have no authority to change the substantive meaning and application of a law or its purpose and intent, and any subsequent revision purporting to effect such a substantive change is ineffective for that purpose. In such case, the law as originally enacted must be construed and applied to accomplish the original legislative intent and purpose." Protection Mutual Insurance Company v. Kansas City,504 S.W.2d 127, 130 (Mo. 1974). The statutory references in Section 245.280 RSMo 1986 made by the revisor of statutes, therefore, cannot change the legislative intent of the 1913 act which was to preserve the rights of levee districts only as they existed in 1913.
House Bill No. 72, 86th General Assembly, First Regular Session (1991) enacted Section 49.600.4 and Section 64.001. These statutes provide:
 49.600. National flood insurance program, adoption and rescission procedure — exemptions (certain second, third, fourth class counties). —
* * *
 4. Levee districts organized pursuant to chapter 245, RSMo, and drainage districts organized pursuant to chapters 242 and 243, RSMo, are subject to flood plain management regulations adopted by a county pursuant to this chapter.
* * *
 64.001. Drainage and levee districts subject to flood plain management, when. — Any levee district organized pursuant to chapter 245, RSMo, and any drainage district organized pursuant to chapters 242 and 243, RSMo, are subject to any flood plain management regulations adopted by any county pursuant to this chapter.
Through the enactment in 1991 of House Bill No. 72, the legislature has expressed its intent that levee districts organized pursuant to Chapter 245, RSMo, are to be subject to flood plain management regulations adopted by a county pursuant to Chapters 49 and 64, RSMo. The general legal doctrine supported by a unbroken line of authorities is that political powers conferred upon municipal corporations for local government are not vested rights as against the state, and the legislature has the absolute power to change, modify or destroy them at its pleasure. McQuillin Mun Corp § 4.05 (3rd Ed). The legislative intent of Section 245.280, as discussed above, is not in conflict with the provisions of Section 49.600.4 and Section 64.001.
CONCLUSION
It is the opinion of this office that the provisions of Section 49.600.4, RSMo Supp. 1992, and Section 64.001, RSMo Supp. 1992, as enacted by House Bill No. 72, 86th General Assembly, First Regular Session (1991), apply to all levee districts organized pursuant to Chapter 245, RSMo, even those levee districts organized prior to March 4, 1991, the effective date of House Bill No. 72.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General